POLLY HOPPER, Appellant, *v.* ZADOCK FERGUSON, surviving Adm'r of Joshua Hopper, deceased, Appellee.

APPEAL FROM GREENE.

Where A obtained a decreee that a certain sum should be paid to him, out of an allowance to B, from the estate of C, but the administrator paid the whole amount to B, in disregard of the decree ; *held*, that A could not institute proceedings against the administrator to recover, he not being a party to the suit in chancery which occasioned the decree.

THIS case was submitted upon the following agreed state of facts :

It is agreed that the report of the case of *Polly Hopper* v. *Cavil Hopper et al.*, and the facts there stated, as in the 19th of Illinois Reports, is a part of the record in this case, and that Fielding Mitchell, one of the administrators of said deceased, with full notice of the terms and provisions of the decree in the divorce case of *Polly Hopper* v. *Cavil Hopper*, paid to him, after allowance of his claim against the estate of said deceased, on the 8th of August, 1854, in the said County Court, the $600 consideration of the deed of the 16th of July, 1853, of Cavil Hopper to said Joshua Hopper. It is further agreed that the estate of said Joshua Hopper, deceased, was not fully administered and settled on the 9th of August, 1858, when the said Polly Hopper exhibited her petition to the said County Court, that the said surviving administrator be ordered to pay to her the sum of $200, with 6 per cent. interest, from the 16th July, 1853. Said petition was dismissed by the County Court, and she appealed to the present term of said Circuit Court, and on trial by said court—a jury being waived—the court affirmed the judgment of the County Court, and rendered judgment against her for costs. The rectitude of said decision is the question certified to be decided at the next term of the Supreme Court of said State, Second Grand Division, on this, in lieu of a full and complete record of this case.

D. A. & T. W. SMITH, for Appellant.

J. W. ENGLISH, for Appellee.

CATON, C. J. It was provided by the decree in the case of *Polly Hopper* v. *Cavil Hopper*, reported in 19 Ill. R. 219, that if Cavil Hopper should get an allowance by the probate court against the estate of Joshua Hopper, for six hundred dollars, that Polly Hopper should be entitled to receive one-third of such allowance, and that the administrator of Joshua Hopper might pay one-third of the amount of that allowance to Polly Hopper, whose receipt should be a good acquittance to him. Cavil Hopper did get that amount allowed him against the estate of Joshua Hopper, and the administrator, with knowledge of that decree, paid the full amount of the allowance to Cavil Hopper, instead of retaining the two hundred dollars, and paying that amount over to Polly Hopper, as provided for in the decree. This proceeding is now instituted against the estate of Joshua Hopper, by Polly Hopper, claiming an allowance of the two hundred dollars to her. The County Court refused to make the allowance to her, and that decision was affirmed by the Circuit Court, whence it is brought here for review.

We have no doubt that those courts decided properly. The administrator of the estate of Joshua Hopper was not a party to that suit in chancery, and was not bound by that decree, nor was he bound to execute it. As between the parties to that suit only was it binding. As to third persons, it was no more than a contract between the parties would have been, containing the same provisions. Suppose Cavil Hopper had made an agreement with Polly Hopper, or any one else, assigning one-third of this claim against the estate of Joshua Hopper, no one would contend that such agreement would create a legal obligation against the administrator, in favor of Polly Hopper for the two hundred dollars. If there was no legal obligation created against the estate in her favor, for this money, then there was no legal obligation violated when the full amount of the allowance, in his favor, was paid over to Cavil Hopper. Indeed, Cavil Hopper had no right by his agreement, either in the form of a decree or otherwise, to divide up one legal demand into two, and create two liabilities where but one existed before. That is a violation of the debtor's rights which the law will not allow. It may be that Polly Hopper might have presented this decree to the probate court, and obtained an order directing the administrator to pay the amount of her proportion of the allowance to her. This she did not do, but sat by till the full amount of the claim was paid to Cavil Hopper, and now comes in and asks that the administrator be compelled to pay, out of the estate, this two hundred dollars over again. She comes too late. She must now seek her remedy against Cavil Hopper. The estate has paid the claim, and is discharged from liability.

The order of the Circuit Court is affirmed.

*Order affirmed.*