## In re OWENS' ESTATE.
## ARMSTRONG et al v. JOHNSON.

No. 1717. Decided April 19, 1906 (85 Pac. 277).

1. ADMINISTRATORS—PERSONS ENTITLED TO LETTERS—CREDITORS.—An officer of a corporation, which is a creditor of a decedent, is not himself a creditor, within Revised Statutes 1898, sec. 3813, declaring that, if none of the relatives of a deceased person apply for letters of administration, a creditor will be entitled to letters.

2. SAME—NOMINEE OF ALIEN RELATIVE.—Revised Statutes 1898, sec. 3812, declares that administration of the estate of an intestate must be granted to certain named relatives, when they are entitled to succeed to the decedent's personal estate, and provides that administration may be granted to one or more competent persons though not otherwise entitled to the same at the written request of the person entitled. Section 3814, provides that letters must be granted to an applicant, though it appears that there are others who have better rights, when such persons fail to appear within three months after the death, and section 3815, declares that no person is competent to serve as administrator, who is not a resident of the state, but that if the person entitled to serve is not a resident, he may request the court to appoint a resident, and such person may be appointed. *Held*, that where an alien relative of a decedent requests the appointment of a certain person and no nearer relative makes such application, it is the duty of the court to appoint the nominee of the alien relative instead of appointing a creditor of deceased.

APPEAL from District Court, Third District; Geo. G. Armstrong, Judge.

Petition by Charles W. Johnson for letters of administration on the estate of William George Owens, deceased. Subsequently a petition was filed by Margaret Williams and another praying that S. B. Armstrong be appointed adminis-

trator.    From an order granting letters to Johnson, Williams and Armstrong appeal.

REVERSED AND REMANDED.

*H. O. Shephard* and *S. P. Armstrong* for appellants.

*Thompson & Gibson* for respondent.

APPELLANT'S POINTS.

A creditor, is not entitled to letters if any of the relatives will accept.    It is incumbent on a creditor, applying, to show that the relatives have expressly refused to accept, or at least have impliedly refused by neglect to apply within a reasonable time.    (*Haxall v. Lee*, 2 Leigh (Va.) 267; *Ritchie v. McAustin*, 1 Hayw. L. & Eq. [N. Car.] 257; *Hill v. Alspaugh*, 72 N. Car. 403.)

An officer of a corporation, to which deceased is indebted, is not a creditor within the statute, and has no right to letters, simply because he is such officer.    (*Glenn v. Reid*, 74 Md. 241; *Myers v. Cann*, 95 Ga. 385; *Georgetown College v. Brown*, 34 Md. 455; Rev. Stat. 1898, sec. 3812, par. 6; sec. 3812, par. 6, and sec. 3815, par. 2; *Estate of Beech*, 63 Cal. 459.)

Unless specially authorized by its charter a corporation cannot act as administrator.    (*Myers v. Cann*, 95 Ga. 385; *Re Thompson's Estate*, 33 Barb. [N. Y.] 334-5; *Fidelity Co. v. Niven*, 5 Houst. [Del.] 165; 1 Cooley's Black Com., 477; 1 Mor. Priv. Corp., sec. 357.)

Where third persons have a claim *de jure* that a power be exercised by the court, "may" becomes mandatory and the court cannot withhold the order.    (*Law v. Dunham*, 61 Me. 568; *Brawley v. Mitchell*, 92 Wis. 672; *Turnpike Co. v. Miller*, 5 Johns. Ch. 113; *Tarver v. Tallapoosa*, 17 Ala. 531-2; *People v. Supervisors*, 56 Barb. 454; *Reynolds v. Common Council*, 140 N. Y. 306; *Mason v. Fearson*, 9 How. 259; *Blackwell's Case*, 1 Vern. 153; *Johnson v. Pate*, 95 N. Car. 70.)

The next of kin must be appointed if they apply within the time allowed by statute. (*Cobb v. Newcomb,* 19 Pick. 337; *Mullanphy v. County Court,* 6 Mo. 566; *Munsey v. Webster,* 24 N. H. [5 Foster] 126.)

The courts hold that the person entitled has the right to designate some other person, and that the court has no discretion. (*Little v. Berry,* 94 N. Car. 436-7; *Williams v. Neville,* 108 N. Car. 564; *Shamo's Appeal,* 57 Pa. St. 359; *Neidig's Estate,* 183 Pa. St. 495-7-8; *Headman v. Rose,* 63 Ga. 465; *Strong v. Dignan,* 207 Ill. 391-4.)

### RESPONDENT'S POINTS.

Suggesting, though not insisting, that acceptance of administration (sec. 3813) means a personal acceptance and not a mere request that another be appointed, we however insist that a creditor is entitled to administer in preference to a relative who by express provision of statute is not only not competent but not entitled.

We have not cited numerous authorities on these questions because the statutory provisions here in question are peculiar to this state. (3 Abbott's Probate Law [Comparative Code] sec. 425.)

Where there is nothing in the connection of the language or in the sense or policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary. (*Eslinger v. Pratt,* 14 Utah 107; *In re Healy's Estate,* 122 Cal. 162, 54 Pac. 736.)

While it does not appear that said corporation is not authorized by its charter to act as administrator still assuming it is not how else could it apply except through its officers? Otherwise being given a right it would have no way of enforcing it. (*Bowen v. Stewart* [Ind.], 26 N. E. 168, 28 N. E. 73.)

Assuming again that the corporation was entitled though not competent administration may be granted to a competent person, although not otherwise entitled to the same, at the written request of the person entitled filed in the court. (R.

30 Utah—23

S. 1898, sec. 3812, subdiv. 6; *Estate of John Tasanen,* 25 Utah 397.)

BARTCH, C. J.

This was a proceeding for the appointment of an administrator to administer the estate of William George Owens, who died intestate March 30, 1905, at Los Angeles, California, then a resident of Salt Lake City, Utah. On June 27, 1905, the respondent filed a petition in the district court praying that letters of administration be issued to him. In the petition he alleged that the next of kin of the deceased were unknown; that the petitioner was the secretary and treasurer of a certain real estate company, a corporation; and that the corporation was a creditor of the deceased. On June 28, 1905, the appellant, Margaret Williams, a sister of the deceased, residing at Swansea, Wales, also filed a petition, in which the appellant Armstrong joined, praying that Armstrong be appointed as administrator. In this petition, it is alleged that the next of kin of the deceased are the petitioner, another sister, a brother, and a nephew. The two petitions were considered and heard together, and at the hearing, notwithstanding the petitioner Margaret Williams had previously filed objections based upon the record and files in the case, to the appointment of Johnson, the court appointed him, and ordered letters of administration to be issued to him. Thereupon this appeal was prosecuted, and specifications of error have been predicated upon the action of the court in the premises.

The appellant insists that Margaret Williams, sister of the deceased, though a non-resident, had the right, under our statutes, to have the person, whose appointment she had requested, appointed as administrator, his fitness for the position not being questioned. The statute, in section 3812, Revised Statutes 1898, provides:

"Administration of the estate of a person dying intestate, must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate or some portion

thereof; and they are, respectively, entitled thereto in the following order: (1) The surviving husband or wife. (2) The children. (3) The father or mother. (4) The brothers or sisters. (5) The grandchildren. (6) The next of kin. Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court."

Section 3813, Rev. St. 1898, so far as material here, reads:

"If none of said relatives or their guardians will accept, then the creditors shall be entitled to letters, but when a creditor is applying, the court may, in its discretion, at the request of another creditor, grant letters to any other person legally competent. If a dispute arises as to relationship between applicants, or if there is any other good and sufficient reason, the court may appoint any competent person."

Section 3814 reads:

"Letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, when such persons fail to appear within three months after the death of the decedent and claim the issuance of letters to themselves."

Under section 3815 no person is competent to serve as administrator or administratrix who is

"Not a bona fide resident of the state; but if the person entitled to serve is not a resident of the state he may request the court or judge to appoint a resident of the state to serve as administrator, and such person may· be appointed."

Reading and construing these several provisions of the statute together, the intention of the Legislature is manifest that when a person dies intestate, his relatives or next of kin, when not incompetent under the provisions of section 3815, shall be entitled to administer the decedent's estate in preference to a stranger even though he be a creditor, and especially is this true where a mere stranger seeks an appointment as administrator. Such intention seems the more clear from a consideration of the provision in section 3814, which requires letters of administration to be granted to any other applicant, when such persons as are entitled to them "fail

to appear within three months after the death of the decedent and claim the issuance of letters to themselves." If a stranger or a creditor could be appointed administrator, notwithstanding that a person entitled appeared within three months from the decedent's death, and asked for letters, then this provision would be but useless verbiage having no effect. Familiar rules forbid a construction which will render meaningless and ineffective, words, phrases, or clauses in an enactment, when some other reasonable interpretation will render them effective and declare the legislative intent. It is only when none of those entitled will accept the appointment, or when no one of them appears within three months of the death of the decedent that the court is empowered to appoint a creditor either on his own petition, or at the request of another creditor. One of the principal reasons for thus preferring relatives and next of kin, doubtless, is that they, being entitled to succeed to what remains of the estate, after the discharge of the debts and obligations, are the most deeply interested in a proper administration of it, and in preserving it. The policy of thus preferring relatives and next of kin, over creditors, in the order in which their interests naturally appear, seems to be suggested alike by sound reason and justice. The creditor is interested only to the extent of having his claim paid and, when that is done, his interest in the estate ceases, while the interest of one, who is entitled to all or a portion of the residue, continues until final distribution. For the latter, therefore, there is the greater inducement to conduct a wise and economical administration, and the former's interest can be just as well subserved as when a creditor is appointed. For the benefit of the creditor, as well as others interested in the estate, the law makes ample provision for prompt action, since it limits the time of preference, the clear intent and meaning of the statute being that those who are primarily entitled to administration must appear and assert their right, as provided by law, within three months after the death of the intestate. Until the expiration of that period, no creditor, in the absence of a renunciation of the right to admin-

ister by all of those preferred, is authorized to apply for appointment as administrator.

The Legislature having thus, for cogent and wise reasons, preferred relatives and next of kin by provisions of statute, which are clearly mandatory and binding upon the courts, is not the fact of such preference indicative of the legislative intent, respecting the appointees of such preferred persons, that the provisions relating to such appointees, notwithstanding that the word "may," instead of "must" or "shall," was employed, are likewise mandatory? Do not the same considerations and reasons, which induced the preference relating to relatives and next of kin, apply with like force to their appointees selected, as is natural, out of special confidence and trust reposed in them? Such clearly would seem to be the case. The controlling object of the statute evidently is to secure to those, who have an interest in the residue of the estate, the right to administer. If, then, such persons, because of residence beyond the seas, or of minority, or other cause, cannot themselves administer, it is wholly within the spirit and policy of the law, and, therefore, the duty of the courts, to recognize those, whom such persons select and in whom they have special confidence, when their fitness for the position is unquestioned. The word "may," in subdivision 6 of section 3812, and in subdivision 2 of 3815, was not employed to vest mere discretion, but to confer a power upon the court to be exercised whenever the conditions or contingencies, indicated by the statute, should exist or arise, and when upon the occasion arising for the exercise of that power, the court fails to exercise it, but instead appoints some one not within the contemplation of the statute, it fails to comply with the law and its action is erroneous. When the relative or

"Next of kin reside in a foreign country, and cannot personally attend to take the administration themselves, they may appoint a person in whom they have confidence to take it for them; and the court ought to grant the administration to their appointee. The court have not executed the power the law gives them, when they have granted letters to a person not designated in that act, before the perons designated have refused; but only where they have granted letters to the proper persons." (*Ritchie v. McAuslin*, 2 N. C. 251.)

In *Strong v. Dignan,* 207 Ill. 385, 69 N. E. 909, 99 Am. St. Rep. 225, the same question here under consideration was presented. There, as here, a non-resident could not act as administrator, and the statute, *inter alia* provided that

"Administration shall be granted upon the goods and chattels of decedent to the surviving husband or wife, or to next of kin to intestate, or some of them, if they will accept, or the court may grant letters of administration to some competent person, who may be nominated to the court by either of them."

The appellate court, after construing this provision of the statute, said:

"Taking this view, that is, that the non-resident sister had a right to nominate the administrator, the probate court of Cook county revoked the letters, issued to the public administrator, and appointed the appellee. We think that this action of the probate court was correct and authorized by the language of the section."

So, in *Clark v. Elizabeth,* 61 N. J. Law, 565, 40 Atl. 616, 737, it was said:

"Words which, in their ordinary acceptation and when interpreted exclusive of the context and the subject-matter, imply a discretion of power, such as 'may,' 'it shall be lawful,' and the like, become in the construction of statutes mandatory where such is the legislative intent. The general rule is stated as follows: 'Where a statute confers authority to do a judicial, or, indeed, any other act, which the public interest or even individual right may demand, it is imperative on those so authorized to exercise the authority when the case arises, and its exercise is duly applied for by a party interested and having a right to make the application. In giving one person the authority to do an act the statute impliedly gives to others the right of requiring that the act be done, the power being given for the benefit not of him who is invested with it, but of those for whom it is to be exercised. The Legislature in such cases imposes a positive and absolute duty, and not merely gives a discretionary power; and it must be exercised upon proof of the particular facts out of which the power arises. When, therefore, the language in which the authority is conferred is only directory, permissive or enabling, for instance, when it is enacted that the person authorized 'may,' or 'shall if he deems it advisable,' or that 'it shall be lawful' for him to do the act, it has been so often decided as to have become an axiom that such expressions have a compulsory force, unless there is special grounds for a different construction.' (Maxw. Int. Stat., 218, 219.)"

In *Neidig's Estate* (Rupley's Appeal) 183 Pa. 492, 38 Atl. 1033, it was said:

"If the parties entitled to letters do not desire to personally settle the estate they may name a suitable person to do so, and the register must regard their selection. The opinion of Judge Watson in *Jones's Appeal*, 10 Wkly. Notes Cas. 249, which was adopted by the Supreme Court, contains the following apposite language on this subject: 'I feel very confident that no case can be found where it has been held that the register is at liberty to disregard the clearly expressed wishes of the parties preferred by the law and entitled to the estate, whether they be residents of this commonwealth or beyond its borders, and grant letters to a total stranger, whose only interest is the expectation of earning commissions by his services in the execution of the trust. . . . If the parties who are entitled to the estate are not in a position to administer it themselves, then the trust should be committed to their nominee who has their confidence, and whose services are to be paid for from their funds.'" (1 Woerner, Admin., sec. 235; *Macdougall v. Paterson*, 11 C. B. 755, 772; *Cobb v. Newcomb*, 19 Pick. [Mass.] 336; *Shomo's Appeal*, 57 Pa. 356; *Little v. Berry*, 94 N. C. 433; *Headman v. Rose*, 63 Ga. 458; *Hill v. Alspaugh, Adm'r*, 72 N. C. 402; *Jones's Appeal*, 10 Wkly. Notes Cas. 249; *Newburgh Turnpike Co. v. Miller*, 5 John. Ch. (N. Y.) 101, 9 Am. Dec. 274; *Johnston v. Pate*, 95 N. C. 68; *Supervisors v. United States*, 4 Wall. (U. S.) 435, 18 L. Ed. 419; *Mason v. Fearson*, 9 How. [U. S.] 248, 13 L. Ed. 125.)

The respondent applied for letters of administration not only before the expiration of the time limited, by the statute, for relatives and next of kin to apply, but he was not a creditor of the estate within his individual capacity, and, hence, not a creditor within the meaning of the statute. Nor was he of kin; nor had he any personal interest in the estate. He, therefore, had no right to be appointed as administrator of the estate. The mere fact that he was an officer of a real estate company and sustained a fiduciary relation to that concern, which he claimed was a creditor, did not characterize him as a creditor. The estate owed him nothing, and the indirect interest which he had in a part of its assets, because of his interest, if he had any, in the corporation, did not bring him within the contemplation of the statute as a creditor, and, under the circumstances, conferred upon him no right to administer the estate, or to be appointed as administrator, in preference to a person whose appoint-

ment was requested by a relative who had an interest in the residue of the estate, after payment of the debts. (*Myers v. Cann*, 95 Ga. 383, 22 S. E. 611; *Glenn, Trustee, v. Reid*, 74 Md. 238, 24 Atl. 155; *President, etc., v. Browne*, 34 Md. 450.) Whether or not the intestate left a widow is immaterial, for, if he did, she never claimed the issuance of letters to herself, nor requested the appointment of any person in her behalf. The sister of the decedent is the only relative or next of kin who ever petitioned the court to have an administrator appointed, and she, having done so within the time limited by the statute, and being disqualified, because a non-resident, the person whose appointment she requested, there being no question as to his capability or fitness for the position, ought to have been appointed.

The judgment must be reversed, with costs and the case remanded, with directions to the court below to proceed in accordance herewith. It is so ordered.

McCARTY and STRAUP, JJ., concur.