## In re OWEN'S ESTATE.

## JOHNSON v. ARMSTRONG.

No. 1845.    Decided July 17, 1907 (91 Pac. 283).

1. ADMINISTRATORS—APPOINTMENT—JURISDICTION.    Revised Statutes 1898, section 3812, provides .that relatives shall be entitled to letters of administration in the order therein prescribed.    Section 3813 provides that, if none of the relatives accept, creditors shall be entitled to letters, and that if a dispute arises as to relationship between applicants, or if there is any other good and sufficient reason, the court may appoint any competent person.    Section 3814 provides that letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to letters, when such persons fail to appear within three months after decedent's death and claim issuance of letters to themselves.    *Held*, that though, under the statute, a relative applying within three months would be entitled to preference over a creditor, yet the expiration of that period, or waiver of the right to administration by the relative, was not essential to jurisdiction to appoint a creditor; hence the appointment of the secretary of a creditor corporation, a relative applying within three months, on a hearing of both petitions, though erroneous, was not void.

2. SAME—ACCOUNTING—VOIDABLE APPOINTMENT.    An administrator, whose appointment, though erroneous, was not made without jurisdiction, is entitled to credit for reasonable disbursements, costs, and expenses, including attorney's fees. ·

3. SAME—COMPENSATION—VOIDABLE APPOINTMENT.    An administrator, whose appointment though erroneous, was not made without jurisdiction, is entitled to reasonable compensation for services rendered by him during the time of his administration.

4. SAME—COMPENSATION—SUCCESSIVE ADMINISTRATIONS.    Where an estate is administered by successive personal representatives, compensation should be apportioned among them according to the services rendered.

5. SAME.    Under the statute declaring that an administrator shall be allowed commissions on the amount of the estate accounted for by him, there being but one aggregate sum to be allowed as commissions, which, in case of successive administrations, must be apportioned by the court, the allowance of commissions to the first of two successive administrators before the closing of the estate was premature.

APPEAL from District Court, Third District; George G. Armstrong, Judge.

, Petition by Charles W. Johnson for letters of administration on the estate of William G. Owen, deceased. Subsequently a petition was filed by Margaret Williams, praying that S. P. Armstrong be appointed administrator. An order granting letters to Johnson was reversed on appeal (85 Pac. 277), and on remittitur Armstrong was appointed. From an order modifying the account of Johnson, and, as modified, approving the same, Armstrong appeals.

REMANDED, WITH INSTRUCTIONS TO MODIFY THE ORDER APPEALED FROM, AND THE ORDER, AS THUS MODIFIED, AFFIRMED.

*H. G. Shepard* and *S. P. Armstrong* for appellant.

*Thompson & Gibson* for respondent.

STRAUP, J.
William G. Owen died intestate on the 30th day of March, 1905, in the state of California. At the time of his death he was a resident of Salt Lake county, state of Utah, and owned real and personal property in that county. On the 27th day of June, 1905, the respondent, Charles W. Johnson, filed a petition, in which he alleged the death and late residence of the deceased, the value and description of his property, that his next of kin and heirs at law were unknown, that the deceased was indebted to a corporation of which petitioner was secretary, that the deceased left no will, and prayed that letters issue to himself. On the 28th day of June, 1905, Margaret Williams, a sister of the deceased, also filed a petition, in which she alleged the same facts as above set forth with respect to the intestacy, residence, and property of the deceased, and in addition thereto alleged that the deceased left surviving as heirs at law the petitioner, his sister, who resided in England, and another sister and nephew, whose residence was unknown, objected to the appointment

of respondent, and prayed that letters issue to appellant, S. P. Armstrong, a resident of this state. The petitions were heard together, and upon hearing the respondent was appointed administrator of the estate, who thereupon qualified, took charge of the assets, filed an inventory, published notice to creditors, and otherwise proceeded to administer the estate. On appeal to this court from the order appointing respondent it was decided that Margaret Williams had the better right to the appointment of her nominee, and that the court erred in appointing the respondent. (*In re Owen's Estate,* 30 Utah 351, 85 Pac. 277.) On remittitur, the district court revoked the appointment of respondent, and appointed appellant, Armstrong. Thereafter the respondent filed an account, which showed that the real and personal property coming into his hands amounted to over $10,000. By way of disbursements he claimed a credit of $78.50 for court costs, publishing a notice to creditors, and filing an inventory and appraisement, and of $674.98 for general expenses, including taxes and interest on notes paid on behalf of the estate, supplies and labor in repairing buildings, and of which amount he paid $25 for an administrator's bond, and $200 for attorney's fees. He also asked an allowance of $237.75 for commissions. After deducting such disbursements the balance of assets was turned over to his successor. The appellant, as administrator of the estate, objected to the allowance of the disbursements, except the taxes and interest paid, and especially objected to any allowance being made to the respondent for commissions, or attorney's fees, or court costs. Upon the hearing the district court allowed the account as presented by the respondent, with the exception that it allowed the respondent only $100 commissions and $100 for attorney's fees. With such modification, the court approved the account. From this order, appellant, Armstrong, has prosecuted this appeal.

He contends here, as he did below, that the appointment of respondent as administrator was void, that all acts done by him in the course of administration were of no force or effect, and that, with the exception of taxes and interest paid, the

respondent was not entitled to reimbursement for other alleged costs or expenses.  In support of such contention it is urged that this court on the former appeal held respondent's appointment void for want of jurisdiction.  Such was not the effect of our holding.  The statute provides that relatives are entitled to letters of administration in the order: (1) Surviving husband or wife; (2) children; (3) father or mother; (4) brothers or sisters; (5) grandchildren; (6) next of kin—and that administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court; that, if a person entitled to serve as administrator is not a resident of the state, he may request the court or judge to appoint a resident of the state, and such person may be appointed; that, if none of the relatives accept the administration, creditors shall be entitled to letters; and that letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, when such persons fail to apply within three months after the death of the decedent and claim the issuance of letters to themselves.  Under these statutes we held that the sister of the decedent, having filed her petition within three months after his death, had the superior right to the appointment of her nominee, and that the court erred in appointing the respondent.  The effect of our holding was, not that the appointment of Johnson was void for want of jurisdiction, but that the appointment was erroneously made, and therefore was voidable.

It, however, is still contended, since the statute gave relatives three months after the death of the decedent in which to apply for letters, that until such time had expired, or the right to letters had otherwise been waived, the court was without jurisdiction to appoint any other person; that an allegation in the petition showing the expiration of such time, or waiver, was essential to confer jurisdiction on the court to appoint a person other than a relative; and that the petition of respondent contained no such allegations.  We think such averments are not essential to confer jurisdiction.  The stat-

ute provides that petitions for letters of administration must be in writing, signed by the applicant or his counsel, and filed with the clerk of the court, stating facts essential to give the court jurisdiction of the case, and, when known to the applicant, the names, ages, and residence of the heirs of the decedent and the value and character of the property. Now, what are the facts essential to give the court jurisdiction? They are that the person whose estate is to be administered died intestate, and was at the time of his death a resident of the county in which the application is made, or, if not a resident, that he left an estate in the county to be administered. (*Wilkinson v. Conaty*, 65 Mich. 614, 32 N. W. 841.) By jurisdiction is meant the right to act and the power to hear and determine a cause or matter in controversy. The right to so act and the power to determine the cause is not dependent upon the correctness of the decision. The court here heard both petitions together, as it was required to do under the statute. Upon such hearing the court had the undoubted authority to appoint an administrator. So far as concerned its power to act, the court was not obliged to appoint either of the applicants; for, upon such hearing, the court was expressly authorized by statute (section 3813 Rev. St. 1898), for good and sufficient reasons, to appoint any competent person. Upon the hearing the court appointed the respondent. The judgment so rendered was erroneous, and was subject to correction on appeal; but it was not, for that reason, void or open to collateral attack. In speaking of statutes similar to ours, in *Jones v. Bittinger*, Administrator, 110 Ind., 476, 11 N. E. 456, the court said:

"It is true, we think, that the provisions of section 227, *supra*, are mandatory in form and ought to be strictly observed, as well by the court as by the clerk in vacation, in granting letters of administration upon an intestate's estate. But it cannot be correctly said, as it seems to us, that letters of administration, granted by a court or clerk out of the order prescribed by statute, are absolutely null and void. The utmost that can be said, in such a case, is that letters so granted are voidable merely, and may be revoked or set aside, upon an application to the proper court for that purpose, made within the proper time and by the party entitled to priority in the issue of such letters."

The appointment of respondent must therefore be treated as valid until it was revoked in a proceeding for that purpose. Such a proceeding was brought, and such a judgment was rendered by this court. But the respondent, who apparently acted in good faith, and who qualified and accepted the trust to which he was appointed, and who proceeded under his appointment to administer the estate, would be entitled to credit for reasonable disbursements, costs, and expenses, and for commissions earned in the proper discharge of that trust during the time of his appointment. (*Rice v. Tilton,* 14 Wyo. 101, 82 Pac. 577.) As bearing on the question, see also, *Atkinson v. Hasty,* 21 Neb. 663, 33 N. W. 206; *Pick v. Strong,* 26 Minn. 303, 3 N. W. 697. This is also in harmony with the statute (section 4043), which expressly provides that, when the judgment or order appointing an administrator is reversed on appeal for error and not for want of jurisdiction of the court, all lawful acts in administration performed by such administrator are as valid as if such judgment or order had been affirmed. We therefore are of the opinion that the respondent was entitled to an allowance of reasonable costs and expenses including attorney's fee.

We are also of the opinion that the respondent is entitled to reasonable commissions or compensation for services rendered by him during the time of his administration. The statute however, provides that the administrator shall be allowed commissions upon the amount of the estate accounted for by him—for the first $1,000 at the rate of five per cent.; for all above that sum, not exceeding $5,000, at the rate of two and one-half per cent.; for all above $5,000 and not exceeding $10,000, at the rate of two per cent.; and for all above $10,000 at the rate of one per cent.; and in all cases such further allowance may be made as the court may deem just and reasonable for any extraordinary services, but the total amount of such extra allowance must not exceed the amount of commissions allowed by the foregoing provisions. The general rule, of course, is that where an estate is administered by successive personal representatives, the compensation should be apportioned among them according to the ser-

vices rendered. (18 Cyc. 1159.) But, as was said by the Supreme Court of California with reference to statutes similar to ours, there is but one aggregate sum to be allowed as commissions, which, in case of successive administrations, must be properly apportioned by the court. There is, however, no basis upon which to make an apportionment until the closing of the estate.

"We scarcely see how sound judgment can determine how much the first administrator is entitled to, unless it knows and considers what the successor has done, and what the comparison is between his acts and those of his predecessor. The administration of an estate is an entirety. There may be different persons in office at different times, or at the same time; but the claim of each to compensation must be considered with reference to the rights of each and all of the others." (Estate of Barton, 55 Cal. 87; In Re Levinson, 108 Cal. 450, 41 Pac. 483, 42 Pac. 479, this case was approved and followed.)

We are of the opinion that the allowance of commissions was prematurely made. The case is therefore remanded, with instructions to the district court to modify the order appealed from, by striking therefrom all allowance for commissions, with leave to the respondent to move for an allowance of his reasonable proportion of the commissions upon a final settlement of the estate. As thus modified, the order will stand affirmed. Neither party to have costs.

McCARTY, C. J., and STRAUP, J., concur.