I dissent. I concur in the holding that under Sec. 102-4-6, R.S. 1933, two estates cannot be combined where the probate of one estate has partly proceeded when the attempt is made to combine another with it. I see no occasion for laying down a rule that in the chapter on administration of estates the legislature meant "probate" to be "the proving under a properly drawn petition of the facts necessary to vest the court with jurisdiction to proceed with the administration of the estate." All we need determine in this case is that under Sec. 102-4-6 no joint administration can be had where one estate is already on its road through probate before the other is started. It is unnecessary in this case to give a definition for the words "probate" and "probated" as used in the code relating to intestate estates. I am *Page 474 
by no means prepared at this time to say that an intestate estate is "probated" when the stage of attaching the court's jurisdiction to it has been reached. I think it may be used, and at least in common parlance is at times used, to denote the completion or virtual completion of the administration of an intestate estate. I think it better to define these words only as it becomes necessary to do so in connection with the construction of the statute in which it is used, rather than to lay down a meaning for the whole intestate code.
I must even more vigorously dissent from the holding that the court has no jurisdiction to appoint one not interested as an heir or creditor unless such person has been nominated in writing by a person entitled to letters or the proceeding has itself been initiated by such interested party. This construction of the statutes will, as shall be later shown, make it impossible for probate courts to act in certain cases where it was by the code intended they should act, and where it is necessary for them to act.
Sec. 102-1-2 definitely specifies what facts are necessary to give the court jurisdiction, and those facts are the only ones necessary to jurisdiction. The opinion of the court holds that in addition to the facts set out in Sec. 102-1-2, jurisdiction cannot be invoked unless the petition for letters is initiated by one of the parties entitled to succeed to the personal estate of decedent or by some person nominated by such interested person.
The case of In re Owens' Estate, 32 Utah 469, 91 P. 283, and others following it reveal that such has heretofore been the law of this State. But the opinion of the court now holds that one more fact must pertain, i.e., that a party entitled to succeed (interested party) must initiate the proceedings or the proceedings must be initiated by some person nominated by such interested party. This idea is derived from the fourth chapter of the Probate Code entitled, "Letters of Administration," and the section (102-4-1) headed with the caption, "To Whom Granted". This chapter deals not with jurisdiction but with the subject of who is entitled to *Page 475 
administer. It gives certain persons the right to administer and enjoins on the court the duty to accord to the person having the right, the letters. But failure to so accord the right to the person entitled when by order of court it is given to another is no more a matter of jurisdiction than any other case where the court fails to recognize a right because of wrong construction or failure to follow the statutory law. At the most, it is error. If the court by the presence of the proper jurisdictional facts has power to proceed with the matter, such failure is error only. In the case of Atwood v. Cox, 88 Utah 437, 55 P.2d 377, after laborious research, it was endeavored carefully to draw the line between jurisdiction and error, or more accurately phrased, that error which did not involve jurisdiction and that error by which the court not only erred but by its error wrongly assumed a jurisdiction it did not have. In that case were pointed out the difficulties sometimes attending a determination of what was jurisdictional and what was error committed by the court while exercising its powers. The court's decision in this case again confuses jurisdiction and error. Unfortunately, courts and textbook writers in their anxiety to convey the idea that a court should not have acted as it did use the words "right of the court," "power of the court," "jurisdiction of the court," and such terms as "void" and "null," very loosely. In such cases the question of whether the "should not" consists of a failure to follow the law under judicial power or is a wrong assumption of judicial power is not the question which the author of the opinion is considering. The case of McCormick v. Brownell,25 Idaho 11, 136 P. 613, 615, cited by the prevailing opinion, presents an illustration. There the question of jurisdiction was never raised and never apparently in the court's mind. But one phrase, to-wit, "and * * * the probate court is limited in its power," crept in to express the thought that the court is "required to act wholly upon the desire and request of the person who is entitled to the appointment" (page 616). The question was purely one of which of two persons had the *Page 476 
right to appointment. When a case arises which really requires the drawing of a distinction between no power in the court to act and acting erroneously within its power, the text writers and judges become more circumspect about their language.
This opinion cannot be expanded by a detailed analysis of all the excerpts contained in the prevailing opinion, but it can hardly be successfully gainsaid that not a single one of them attempted to draw such distinction. Long passages from Bancroft, from In re Owens' Estate, 30 Utah 351, 85 P. 277, and from Woerner are quoted which, while containing the word "jurisdiction" or "judicial powers" plainly show that it was not meant to consider the distinction between jurisdiction and error. The very quotation from In re Owens' Estate, supra, plainly reveals that what was being considered was not the lack of power in the court but the failure of the court to exercise the power which it had and which it should have exercised. Part of the excerpt contained in the main opinion reads:
"The word `may,' in subdivision 6 of section 3812, and in subdivision 2 of 3815, was not employed to vest mere discretion, but to confer a power upon the court to be exercised whenever the conditions or contingencies, indicated by the statute, should exist or arise, and when upon the occasion arising for the exercise of that power, the court fails to exercise it, but instead appoints some one not within the contemplation of the statute, it fails to comply with the law and its action iserroneous." (Italics added.)
If we turn to the excerpt quoted in the opinion from Woerner, Vol. 2, page 860, we find it treats of the allegations which should be contained in a good petition for appointment of an administrator. It does say:
"But while it may not in all cases be absolutely necessary to support the jurisdictional power of the court by a recital of all the facts, yet it is of the highest importance that a record should be made of all facts and circumstances which call forth the judicial powers of the court." *Page 477 
Then it includes among the eight headings of proper allegations the "nature of the goods, effects, or other estate left by the deceased and its estimated value." Would any competent legal mind contend that such allegation was necessary to confer or invoke jurisdiction? It is quite evident that these excerpts cited in support of the court's opinion contain loose statements as to jurisdiction but were never intended to lay down the rule that naming of a wrong party as administrator was beyond the jurisdiction of the court.
A statute which gives certain persons a right to serve in a certain capacity and provides that the court must appoint such persons, does not affect the jurisdiction of the court where that jurisdiction is dependent on other factors entirely. As said inRe Owens' Estate, supra, and generally conceded to be the law everywhere, the jurisdiction of the probate court over a decedent's estate; that is, over the res, depends on two factors: (1) Death of the decedent, and (2) residence of the decedent in the territory over which the court has jurisdiction or estate of decedent located therein. It takes nothing more to give jurisdiction of the res. In order to get jurisdiction of parties, it requires proper notice to the world and to parties interested as they may be known according to the modes prescribed by the statutes. The two conditions being present to confer jurisdiction of the res and of interested parties, the court has complete jurisdiction of the estate. We plainly err when we hold that still another element is necessary before the court may proceed, i.e., that someone who has a right to administration must apply or nominate another before the court may proceed. The law grants or confers many rights, and courts which should and "must" recognize these rights continually fail to do so. But that is merely error and does not affect the power of the court. Sec. 102-4-1, R.S. 1933, provides:
"Administration of the estate of a person dying intestatemust be granted to some one or more of the persons hereinafter mentioned." (Italics added.) *Page 478 
In many cases where the law gives one a right, the court "must" recognize and "must" act in accordance with the statute so as to effectuate the right. But departure by the court from the "must" obligation does not often constitute a departure from jurisdiction so as to constitute the failure to act as he "must" an act or omission which works an excess of jurisdiction or want of judicial power. The conduct of the court is erroneous within, but not in excess of his powers. One illustration suffices: Sec. 104-24-14, R.S. 1933, provides in part:
"(4) When the evidence is concluded the court shall instruct the jury in writing upon the law applicable to the case, and, if it states the evidence in the case, it must inform the jury that they are the exclusive judges of all questions of fact * * *.
"(6) If several defendants, having separate defenses, appear by different counsel, the court must determine their relative order in the evidence and argument."
The word "shall" in the first line has been construed to mean "must" unless the proviso clause (not included in the above quotation) is followed. Kunz v. Nelson, 94 Utah 185,76 P.2d 577, 115 A.L.R. 1322. But if the court fails to instruct orally rather than in writing or fails to determine the relative order in evidence and argument, it does not mean that the court has stepped beyond its jurisdiction, but only that it has committed error. By the same token when the court appoints a stranger in cases otherwise than mentioned in the prevailing opinion, it does not mean that the court has acted outside of its power, but at the most only erroneously. The appointment is at the most not void, but only voidable.
And even the appointment of one not interested as an heir or creditor when not nominated by an heir or creditor or when there is no dispute as to relationship or contest between creditors, is not always erroneous. Sec. 102-4-2 reads in part:
"If a dispute arises as to relationship between applicants,or if there is any other good and sufficient reason, the court may appoint any competent person." (Italics added.) *Page 479 
The prevailing opinion holds that the words "or if there is any other good and sufficient reason," etc., apply only in case someone entitled under Sec. 102-4-1 first applies. Otherwise, the court has no power to appoint any other person for "good and sufficient reason." The opinion states:
"This whole section is in the nature of a procedural section, designating the only conditions under which the court may depart or vary from the provisions of the preceding section. To take a clause out of the middle of a sentence, which itself is an exception conditioned on an `if', and is part of a section of specific detailed exceptions, and construe it as a general grant of power and wide discretion to the court, in a matter which is in the nature of a special proceeding, strictly statutory, goes beyond any sound, approved or recognized rule of statutory construction."
The construction given by the prevailing opinion to the clause "or if there is any other good and sufficient reason" etc., is not in harmony with either the dictates of good English construction or sound statutory construction. In the first place, language does not become less meaningful because it is contained in the middle of a sentence. The statement that the clause "is itself an exception" begs the question. The question is: Is the clause a general exception to the "must" provision laid down in Sec. 102-4-1, or is it a special exception which is applicable only in case someone entitled to letters first applies. Wherever one section or clause gives the court a right or imposes upon it a duty and another section cuts down the extent of that right or frees it on certain conditions from obligation to perform the duty, we have an exception. So the statement in the above excerpt from the opinion reading, "which itself is an exception" does not advance our case one way or the other. The question still remains: Is the holding that the exception is one which permits the court upon "good and sufficient reasons" to depart from its obligation to appoint one of the class mentioned in Sec. 102-4-1, or is the prevailing opinion correct when it holds that the exception applies only in case someone of that class first seeks administration and then *Page 480 
for good and sufficient reason it appears to the court that his appointment would not be proper? Reasons why the broader construction of the clause is the correct one will be later given. The third reason why apparently the prevailing opinion thinks the construction we seek here to give the clause goes "beyond any sound, approved or recognized rule of statutory construction" is because the clause begins with the word "if." The opinion states that it is an "exception conditioned on an `if'" One experiences difficulty visualizing any better word to indicate an exception. There could be a synonym such as "provided however" or some other similar phrase, but when one is making an exception it is almost necessary to indicate it with an "if" or some similar word or words. There is nothing fearful in that fact, or anything which in the slightest way aids the contention of the prevailing opinion. But it is further said that it is "a part of a section of specific detailed exceptions." It really is not. The beginning of the section (102-4-2) deals not with exceptions at all but with further priority of right between and among certain of the classes named in the previous section (102-4-1). The only clause in the whole section dealing with exceptions is the one which reads:
"If a dispute arises as to relationship between applicants, or if there is any other good and sufficient reason, the court may appoint any competent person."
Indeed, it is difficult to see how the legislature could have otherwise stated it to make it any the more obvious that it intended to give the court the right to appoint one not interested where there was either a doubt as to relationship or there was some other good and sufficient reason for appointing someone other than an heir or creditor or their appointees. The same clause might have been set off by a separate paragraph. If, as it shall later be shown, it will be necessary because of the decision for the legislature to amend the statutes so as to give the court the right to handle estates in some cases where no one entitled applies or *Page 481 
nominates, no better language can be used to accomplish the purpose than is already in the section. The legislature may emphasize it by setting it off as a separate section. In fact under the prevailing opinion it will be compelled to do so. But one may well question the good sense of this court taking a position which will require the legislature to go to the trouble of again granting a power which is already there, but by a strained and unnatural construction against the plain English meaning and sound tenets of statutory construction has been so construed as to make an amendment necessary.
It is well to note carefully the language of this clause. "If a dispute arises as to relationship between applicants, or if there is any other good and sufficient reason" etc. There is no warrant for restricting the words "any other good and sufficient reason" to less than their plain import. There is no warrant for reading into the sentence the following italicized words:
"If a dispute arises as to relationship between the applicants, or some party entitled having applied, if there is other good and sufficient reasons for appointing someone outsideof the class entitled, the court may appoint any competent person."
Attempt has been made to analyze critically the grounds on which the prevailing opinion endeavors to defend its statement that to construe the above-quoted clause as we contend for would go "beyond any sound, approved or recognized rule of statutory construction." And in addition we have affirmatively shown that the construction contended for herein is the sound and reasonable one and the one intended by the legislature. Having given reasons why the court has general power to appoint outside of the designated class if there are good and sufficient reasons whether or not someone entitled initiates the procedure, and, moreover, having given reasons why even though the court wrongly appoints a party which it should not appoint such act is erroneous only under the court's power and not an act which *Page 482 
is beyond its jurisdiction, we shall pass on to show some of the consequences of the holding of the prevailing opinion.
In the first place, attention is called to Sec. 102-14-19, R.S. 1933, reading:
"When the judgment or order appointing an executor, administrator or guardian is reversed on appeal, for error and not for want of jurisdiction of the court, all lawful acts in administration upon the estate performed by such executor, administrator or guardian, if he has qualified, are as valid as if such judgment or order were affirmed."
If one not interested was wrongly appointed and such act was without the jurisdiction of the court, under this section, every act he did would be void. If he sold a piece of real estate complying with all the requirements of the statute and there were no objections by any heirs or for that matter with the approval of the heirs, the purchaser would not obtain title. If the holding of the prevailing opinion is sound, a trust company appointed as administrator of an estate on the petition of a brother of the decedent could not administer the estate even though the only two children, sons of decedent, were in the middle of Africa on a long exploration trip, at least past the point where a special administrator could act. And it is pertinent to ask, under the prevailing opinion, whether any act of the special administrator not chosen from the entitled class, in excess of what was needed to preserve the estate would be void because such acts would be performed by one who had no power; the appointment being void as to any duties beyond preservation. And where would the line be drawn between those administrative acts for the purpose of preservation and such as would be beyond that sphere? Such line would have to be drawn on the very logic of the prevailing opinion. If the court has no power to appoint one a general administrator not interested until one of a certain class initiates the proceeding, it must follow that under the guise of special administration which can come about without initiation by any of the class named in *Page 483 
Secs. 102-4-1 and 102-4-2, and at any time without notice (102-4-12), there can be no administration with a jurisdictional basis beyond preservation of assets.
The whole scheme of the probate statutes speaks loudly against the proposition that the court has no power to appoint a general administrator unless the proceeding is initiated by an interested party (creditors are included in the term "interested party").
Sec. 102-4-11 provides that a special administrator must be appointed when no application is made for letters or when an executor or administrator dies or is suspended or removed. Couple with this Sec. 102-4-13 reading:
"In making the appointment of a special administrator the court or judge must give preference to the person entitled to letters testamentary or of administration."
By the same token as is used to arrive at the conclusion that there is no jurisdiction to appoint one not interested as a general administrator except under the conditions specified in the prevailing opinion, there would be no power under Sec. 102-4-13 to appoint as a special administrator one not entitled to letters of general administration. Yet Sec. 102-4-11 makes it obligatory on the court to appoint a special administrator in the very cases where no one is available who is entitled to general letters and that on motion of the court. And in passing it should be noted that in the instant case the administratrix of the estate of Thomas H. Cloward had died. Certainly, under Sec. 102-4-11 it was the court's duty to appoint an administrator de bonis non — special or general. Certainly, if one not interested was appointed a special administrator it would not be void (although the logic of the prevailing opinion would seem otherwise). Under such power, Bean could be considered as having at least the powers of a special administrator. Everything he did reasonably necessary to preserve the estate would be valid and the expenditures therefore recoverable. There is no escape from this proposition unless this court *Page 484 
is prepared to say that even a special administrator must be chosen from the class enumerated in Sec. 102-4-1 or there is no jurisdiction to appoint. Such holding would defeat in many cases the entire purpose of special administration which is to preserve and care for the estate until someone of the interested class can assert his rights.
Continuing our review of the statutory provisions bearing on this case, we find under Sec. 102-3-15 that:
"If the sole executor or all the executors are incompetent, or renounce or fail to apply for letters or to appear and qualify within thirty days after his or their appointment, letters of administration with the will annexed must be issued as provided for the granting of letters in cases of intestacy."
Suppose the heirs entitled are all named as executors, and they are all incompetent or all renounce without nomination of another. The court must then issue letters with the will annexed as in cases of intestacy. But under the ruling of the prevailing opinion the court would be helpless because no one interested might have initiated the proceedings, and according to the court's opinion initiation of proceedings by some interested party is a condition of the invoking of jurisdiction in cases of intestacy. This would certainly be true if the will were produced and offered for probate by any friend of the testator to whom it had been committed instead of the heirs named as executors. Sec. 102-3-19 also throws light on the situation. Under the case therein provided for, if a person absent from the state or a minor is named executor in a will and there is no other executor named, "letters of administration with the will annexed must be granted; but the court may in its discretion revoke them on the return of the absent executor or the arrival of the minor at the age of majority." Under the ruling of the prevailing opinion the court would be helpless to appoint an administrator c.t.a. in such case unless there were heirs or interested parties available.
It may be asked what the probate court would do in case there were two children, alone surviving as heirs — one a *Page 485 
married daughter, the other a dissolute son. If the son objected to her appointment under Sec. 102-4-5, she could not be appointed, and the son could not be appointed under Sec. 102-4-4(4). If both became obdurate and refused to nominate another, the court would be helpless at least beyond appointing a special administrator who could go no further than to preserve assets.
Take the case of an estate partially administered as in the instant case. If there are no heirs available to appoint de bonis non, must the estate remain indefinitely suspended in mid-air? If no one from the interested class is available, it would seem that the estate would not have to remain open indefinitely because one not interested could go only so far as to preserve assets. Sec. 102-6-3 contemplates the naming as a successor a person having an interest only when such person is available, is competent, or when he nominates another. Otherwise, one not interested may be appointed. And as before stated, even the naming of a person not entitled is error and does not affect jurisdiction. It will serve at this point as well as at any other to allay the alarms of the prevailing opinion to the effect that if an administrator is appointed from among those not interested in the estate, it might result in disturbing the understanding of the heirs who do not desire probate and invite interlopers to seek administration for the sake of fees. Of course, it is not to be presumed that if a noninterested party applies and there is not good and sufficient reason for appointing such applicant, the court will appoint him. Courts must be presumed to have some sense. Moreover, it is hardly feasible to protect the interests of a class against an erring court by holding that every time it errs it exceeds jurisdiction. Such attempts to make judicial action fool-proof only succeed in materially restricting necessary court action. Furthermore, it is not to be supposed that interested parties available and notified will permit without protest a mere interloper to walk away with the administration that others are entitled to and lost. If such person does obtain administration officiously he will *Page 486 
probably find that he will not be allowed costs or compensation even though his acts are valid. These would seem to be sufficient safeguards against intermeddling.
In the case of estates under $1,500 where there are only minor children, according to the ruling of the prevailing opinion an uncle could not ask for letters of administration without first having himself appointed guardian of the minors. The statute contemplated no such thing. Situations where it would seem imperative or highly desirable to appoint one not within the class named without initiation or nomination by any of such class could continue to be presented, but it would only serve to multiply illustrations. The reader may do that.
The court's opinion states that:
"The writer is aware that this reasoning appears at first blush to be at variance with the holding in Re Owens' Estate,30 Utah 351, 85 P. 277, and one or two other cases following it. However, a careful reading of the opinions in those cases discloses that the court did not construe these sections, and the holdings are not in conflict with what is here said. If in the Owens' Case the opinion is at variance with what is here said, then the question should be reexamined, but we need not be concerned with what was said in that case because the legislature has re-examined the question for us and has definitely settled the question."
It is rather odd that the decision quotes copiously from Inre Owens' Estate, 30 Utah 351, 85 P. 277, but fails to mentionIn re Owens' Estate, 32 Utah 469, 91 P. 283, where it was expressly held that the appointment of a person not an heir before the end of three months was not void but only erroneous. In that case the secretary of a creditor corporation and an heir both applied within three months of the death. The court appointed the secretary of the creditor corporation. This was held error merely. The court correctly based its decision on the ground that the power of the court did not depend on whom it appointed. The opinion states (page 285): *Page 487 
"Now, what are the facts essential to give the court jurisdiction? They are that the person whose estate is to be administered died intestate, and was at the time of his death a resident of the county in which the application is made, or, if not a resident, that he left an estate in the county to be administered. Wilkinson v. Conaty, 65 Mich. 614, 32 N.W. 841. By jurisdiction is meant the right to act and the power to hear and determine a cause or matter in controversy. The right to so act and the power to determine the cause is not dependent upon the correctness of the decision. The court here heard both petitions together, as it was required to do under the statute. Upon such hearing the court had the undoubted authority to appoint an administrator. So far as concerned its power to act, the court was not obliged to appoint either of the applicants; for, upon such hearing, the court was expressly authorized by statute (section 3813, Rev. St. 1898), for good and sufficient reasons, to appoint any competent person. Upon the hearing the court appointed the respondent. The judgment so rendered was erroneous, and was subject to correction on appeal; but it was not, for that reason, void or open to collateral attack."
The prevailing opinion in this case says the "legislature has re-examined the question for us and has definitely settled the question." How did the legislature by amending the statute by providing that letters of administration must be granted to any interested applicant instead of "any applicant" affect anything but a duty of the court? The legislature did not amend Sec. 102-1-2 dealing with jurisdiction, but only the statute which specified who had the right when others better entitled failed to apply. It simply imposed a different duty on the court. It did not affect the facts necessary to the court's power. Those still remain as laid down in the case of In re Owens' Estate, 32 Utah 469,91 P. 283; In re Slater's Estate, 55 Utah 252,184 P. 1017; In re Burt's Estate, 58 Utah 353, 198 P. 1108. In rePingree's Estate, 74 Utah 384, 279 P. 901, does not deal with the question of jurisdiction, but only with the widow's preferential right. Nothing in that case even hints of the assertion of the widow's preferential right as being necessary to invoke jurisdiction. *Page 488 
If we examine the cases from other jurisdictions and even the statements made in the prevailing opinion concerning them, we find nothing which holds that the power of the court to appoint an administrator depends upon whom it appoints. Assuming thatLangworthy, Unknown Heirs of, v. Baker, 23 Ill. 438, stands for what the opinion says it does, even then it does not go to jurisdiction but to the statement of a cause of action. It might be conceded for the purposes of this case that where public administrators are provided for, the statutes may not give the court jurisdiction to appoint them unless certain averments appear in the pleading. Those statutes are not involved in this case. But the statement in the prevailing opinion that "In Illinois, it is held that before an estate can be committed to the public administrator, it must affirmatively appear that there is no relative or creditor in the state, and that the application was made by a party in interest" goes to averments needed to state a good cause for the appointment of an administrator and not to the court's power to appoint. See, In re Goldsberry'sEstate, Goldsberry v. Green, 95 Utah 379, 81 P.2d 1106.
And thus it is with other statements in the prevailing opinion. All that can be done in this dissent is to utter a warning that may in the future prevent some confusion of thought which such expressions, appearing in all too many opinions, have given rise to.
Even admitting the prevailing opinion to be correct in its holding that jurisdiction to grant letters of administration cannot be invoked except on application of an interested party or by his nomination, this case should be reversed. In this case the appointment of Bean met the requirements unless the logic of that opinion is to be applied to the appointment of an administrator de bonis non. In this case jurisdiction was first invoked by the application of one interested, — the widow. She died leaving administration uncompleted. Unless each time a successor is appointed it again takes the petition of an interested party to give a jurisdiction which seemingly even under the court's opinion *Page 489 
had already attached, the court had in this case jurisdiction to appoint Bean an administrator de bonis non.
It remains in conclusion to cite authorities which hold that appointment of a person outside a designated class does not affect jurisdiction but is error merely. The under mentioned citations are given in support of the propositions that (1) death and (2) residence or assets of decedent in the county in which application is made are the only essential bases to jurisdiction.
And according to 11 R.C.L. 84, Sec. 82, there is a split in the cases as to whether residence or assets is jurisdictional or a matter of venue only. Bancroft, Probate Prac., Sec. 81; Freeman on Judgments, 5th Ed., Sec. 350; 15 R.C.L. 867, 868; 23 C.J. 1007; 34 C.J., Secs. 824, 834, 846, 1286; 23 Cyc. 681-682, 1061, 1073-1074, 1083; Van Fleet, Collateral Attack, Sec. 527.
In R.C.L., Vol. 11, Sec. 84, page 86, it is stated:
"Effect of Grant of Letters to Wrong Person. — Where letters of administration have been granted on the estate of a decedent to one not entitled to the appointment, the acts of such administrator are valid although the order appointing such person may be voidable in a direct proceeding instituted by those having a superior right. This rule rests upon the doctrine that in such cases the essential basis of jurisdiction exists, and the appointment of the wrong person is but an irregularity, subjecting the order of appointment to direct attack, but not invalidating acts done in pursuance of the law, in the course of administration by him who has been erroneously appointed. Similarly where the court has jurisdiction, the grant, though irregular, is valid, and cannot be avoided collaterally by showing that the person to whom the grant was made was not competent to qualify as such administrator, or that letters were granted without notice and citation to those entitled thereto."
I have in the whole galaxy of cases found no authority to the contrary.