Thomas J. CONNELLY, Plaintiff and Appellant,

v.

Norris RATHJEN and Clifford C. Dalbey, Defendants and Respondents.

No. 14035.

Supreme Court of Utah.

March 19, 1976.

---

4.  23 Wash.2d 167, 160 P.2d 614 (1945).

David B. Havas and Gary L. Gale of Gale & Havas, Ogden, for plaintiff and appellant.

J. Anthony Eyre, Salt Lake City, for Rathjen.

Daniel A. Alsup, Ogden, for Dalbey.

1. 75–4–3, U.C.A.1953.

2. 75–4–1, U.C.A.1953.

3. *In re Owens' Estate*, 30 Utah 351, 85 P. 277 (1907) ; *In re Cloward's Estate*, 95 Utah

ELLETT, Justice.

A complaint was filed against Rathjen and another seeking damages sustained by plaintiff in an automobile collision. Both defendants answered and Rathjen died before trial. Notice of his death was duly made of record pursuant to Rule 25(a), U. R.C.P.

In this case no motion for substitution was ever filed and the action against Rathjen was dismissed on motion some seven months after his death was noted upon the record.

·The plaintiff appeals, claiming that Rule 25(a) is in conflict with the Probate Code which gives three months to the next of kin in which to ·apply for letters of administration,[1] before a nonrelated interested person may apply. Thus, where the named relatives[2] fail to secure letters within the three months' period, there is no person who can be substituted for the deceased party during that period.

■ The laws are to the effect that a creditor is an interested person who may apply for letters of administration if the named relatives fail to do so within the three months' time.[3]

■ There does at first blush seem to be difficulty where the death is noted upon the record the very day of the death of a party. However, in this case the notice was not filed until May 17, 1974, while the death of Mr. Rathjen occurred March 24, 1974. Thus the plaintiff, as an interested person, had 53 days to file for letters of administration after the time allowed the relatives to petition therefor had expired. Plaintiff made no request for the probate of the estate of the deceased and thus is in ·no position to complain of any conflict between the Utah Rules of Civil Procedure

453, 466, 82 P.2d 336 (1938) ; 33 C.J.S. Executors and Administrators § 31, p. 922.

and the statutory provisions of the Probate Code.

In addition to what is said above, Rule 6(b) of the Utah Rules of Civil Procedure provides that for good cause shown, the court may order an enlargement of time for any act which is by the rules required to be performed within a specified time. The plaintiff never asked the court for any enlargement of the 90 days in which to move for a substitution of parties and so he has no just basis for this appeal.

The order dismissing the case as to the deceased party was properly made and it is hereby affirmed.

There being no party substituted for the deceased, there is no one to receive costs and consequently no costs are awarded.

HENRIOD C. J., and CROCKETT, J., concur.

TUCKETT and MAUGHAN, JJ., dissent.