[No. 1655.]

WILLIAM BOWMAN, ET AL., APPELLANTS, *v.* JEROME BOWMAN, ET AL., RESPONDENTS.

APPEAL — ORDERS APPEALABLE — ADMINISTRATION ACCOUNTS — NOTICE OF APPEAL—SUFFICIENCY—ATTORNEY'S FEES—WHEN ALLOWED.

1. A decree in a probate proceeding, reading, "It is ordered, adjudged, and decreed that the said final account of said administrator be, and the same is, settled, allowed, and affirmed," is a "decision and decree allowing a final account" of an administrator, within Comp. Laws 1900, sec. 3041, which authorizes an appeal from such a decision or decree.

2. A notice of appeal stating that appellants appealed from an "order" allowing, settling, and affirming, a final account of an administrator; also reciting the date of the entry of the document appealed from, and the amount of the attorney's fee fixed by the order, which was objected to—was sufficiently descriptive of the document and matter appealed from to meet the requirements of Comp. Laws 1900, sec. 3041, authorizing an appeal from the "decision and decree" allowing a final account of an administrator.

3. In settling the final account of an administrator an attorney's fee for procuring letters of administration cannot be allowed.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *M. A. Murphy*, Judge.

Judicial settlement of the final account of Jerome Bowman, administrator of the estate of Samuel W. Bowman, deceased.

From a decree allowing the final account, William Bowman and others appeal. **Reversed.**

The facts sufficiently appear in the opinion.

*Cheney, Massey & Smith,* for Appellants:

I. Under the old probate act (see General Statutes, 1885, sec. 2888), attorneys' fees were not allowed directly to the attorney, but a reasonable sum therefor, as paid out by the administrator, was allowed to the administrator as part of the necessary expenses of administration upon his accounting. (*Douglass* v. *Folsom*, 21 Nev. 446; *Estate of Nicholson*, 1 Nev. 518; *Lucich* v. *Medin*, 3 Nev. 104; *Torreyson* v. *Bowman*, 26 Nev. 371.) This rule of the old probate act was changed by the provisions of the act providing for the settlement of the estates of deceased persons, approved in 1897. (Comp. Laws, 1900, sec. 3055.) By the last-named provision, attorneys for estates or executors or administrators were made attorneys of record, with the same powers and responsibilities as attorneys in other actions and proceedings. It is further provided that such attorneys shall be entitled to receive a reasonable compensation, to be paid out of the estate they respectfully represent, for services rendered, to be allowed by the court.

II. It appears from the record, as an undisputed fact, that the allowance of the $1,000 was for service in obtaining letters of administration. At the time the services were rendered Bowman had no authority to contract in any manner so as to bind the estate of Samuel Bowman, deceased. He was seeking this appointment because of some expected benefit or advantage to himself. The estate should be no more chargeable with this fee than it should be chargeable with the fee of Mr. Manning, the unsuccessful applicant. What contract, express or implied, Judge Curler had with Jerome Bowman with reference to any litigation growing out of his right to administer this estate, was a contract made in advance of any authority upon the part of Jerome Bowman to deal or bind the assets of the estate of Samuel Bowman, in anywise. The services were rendered for Jerome Bowman personally, and not as an administrator. They were for the benefit of Jerome Bowman individually, and not for Jerome

Bowman as administrator. If any person is liable to Judge Curler for or on account of services rendered in this contest as to whether or not Manning or Bowman should be administrator of this estate, it is Jerome Bowman, individually, and not the estate of Samuel Bowman, or the assets of that estate. Why, we submit, should there be taken from the distributive share of the appellants in the estate of Samuel Bowman, deceased, $333 to pay the expenses of the attorney for Jerome Bowman in a contest between him and A. H. Manning over the right to administer upon this estate?

*Curler & King*, for Respondents:

I.  Counsel for respondents move to dismiss the appeal upon the grounds that the administrator filed his final account and petition for final distribution, and, after hearing the evidence, the court made and filed its decree settling said account and final distribution, and no appeal is taken from said decree; that the appeal should be taken from the decree settling the final account and decreeing final distribution; that no appeal will lie from a statement of facts made by counsel where there is a final decree settling an administrator's account and decreeing final distribution and discharging him from his trust. The appeal must be taken from the decree and the evidence showing the facts from which the court found in making said decree. (*In re Wiard*, 83 Cal. 619; *Estate of Callahan*, 60 Cal. 232; *Estate of Lutz*, 67 Cal. 457; *Estate of Dean*, 62 Cal. 613; *Blum* v. *Brownstone*, 50 Cal. 293.)

II.  A decree of a probate court settling an administrator's final account and discharging him from his trust, after due legal notice, is conclusive until reversed, in the absence of fraud, and it will be presumed that it was founded upon proper evidence, and that every prerequisite to a valid discharge was complied with. (*Stubblefield* v. *McRaven*, 43 Am. Dec. 502; *Wiggin* v. *Swett*, 39 Am. Dec. 716.)

III.  Such a settlement and decree are conclusive as to items set out therein, and directly acted on.  (*App* v. *Dreisbach*, 21 Am. Dec. 447.)

IV.  A distinction is to be observed between orders and decrees made during the settlement of an estate, which are

merely preparatory to a final settlement and distribution, and a final decree adjusting and closing an administrator's account. The latter only possesses the elements of a final judgment; the former are preliminary, and subject to change or modification, as the exigencies of the case and the demands of justice require. (*Mix's Appeal*, 95 Am. Dec. 222; *Waters* v. *Stickney*, 90 Am. Dec. 136; *Clement's Appeal*, 49 Conn. 534.)

By the Court, FITZGERALD, J.:

This is an appeal in a probate proceeding, and two questions are presented for decision: First, the motion of counsel for respondents to dismiss the appeal; and, second, can a fee be allowed to an attorney for procuring letters of administration for a successful applicant when there is a contest between the said applicant and another for the position of administrator? On the motion to dismiss the appeal counsel for respondents say it is "upon the grounds that the administrator filed his final account, and petitioned for final distribution, and, after hearing the evidence, made and filed its decree settling said account and final distribution, and no appeal is taken from said decree; that the appeal should be taken from the decree settling the final account and decreeing final distribution; that no appeal will lie from a statement of facts made by counsel, where there is a final decree settling an administrator's account and decreeing final distribution and discharging him from his trust. The appeal must be taken from the decree and the evidence showing the facts which the court found in making said decree." Counsel then cited eleven cases in support of their contention.

We have carefully examined all the cases cited, and, without going into minute detail as to each of them, we think it sufficient to say that they are not in point in the case under consideration. The five cases cited from the Reports of California go to the point that under the California statute regulating appeals an appeal cannot be taken from an order of a probate court setting aside, or an order refusing to set aside, an allowed and settled account of an executor or an administrator. Those cases are doubtless correct under the California statute, but the case here is not an appeal from such

an order. On the contrary, the appeal is from an order, decision, and decree allowing and settling a final account of an administrator; and we think that section 3041, Comp. Laws 1900, expressly authorizes an appeal from such an order, decision, or decree. That section is as follows: "Any person interested in, affected by, and aggrieved at the decision and decree of the district court appointing an executor or administrator, revoking letters, allowing a final account, or disallowing it,  *  *  *  may appeal to the supreme court of the state, to be governed in all respects as an appeal from a final decision and judgment in an action at law."

The decision and decree appealed from is in the parts material to the question in controversy as follows: ."Jerome Bowman, administrator of the estate of Samuel W. Bowman, deceased, having on the 19th day of September, 1903, rendered and filed herein a full account and report of his administration of said estate, which account was for a final settlement, and having with said account filed a petition for the final distribution of said estate, and said account and petition this day coming on regularly to be heard, proof having been made to the satisfaction of the court that the clerk had given notice of the settlement of said account and the hearing of said petition in the manner and for the time required by the statute in such case made and provided, and it appearing that said account is in all respects true and correct, and that it is supported by proper vouchers. Cheney, Massey & Smith filed objections to the allowance of the attorney's fees, and the court, having heard the proofs as regards the attorney's fees of Benj. Curler, attorney for said estate, made an order that said Benjamin Curler be and he is allowed $3,765.47 for all services rendered and to be rendered in said estate; and the court, having heard the proof as regards the fees of F. H. Norcross as attorney for the absent and minor heirs of said estate, to wit, Ida Bowman, Sarah Spory, Mahlon H. Bowman, Amanda Bowman, Mary Bohland, Sam E. Bowman and Catherine Bowman, who is of unsound mind, and Anna Bowman, minor, entered an order that said F. H. Norcross be allowed the sum of five hundred dollars attorney's fees in representing and acting for the hereinbefore described absent and minor heirs, and that the

said amount of five hundred dollars be deducted from the amount to be distributed to the said heirs; that the estimated expenses of closing said estate will be the sum of ten dollars; that the residue of money now in the hands of said administrator is the sum of $3,623.32; and, it appearing that all claims and debts against said decedent, all taxes on said estate, and all debts, expenses, and charges of administration have been fully paid and discharged, and that said estate is ready for distribution and in a condition to be closed:   It is ordered, adjudged and decreed that the said final account of said administrator be, and the same is, settled, allowed, and approved as per the orders hereinbefore mentioned, and that the residue of said estate hereinafter particularly described, and any other property not now known or discovered which may belong to the said estate, or in which the said estate may have any interest, be, and the same is hereby, distributed as follows," etc.   This decree was filed on the 17th day of November, 1903, and its language is, "It is ordered, adjudged, and decreed that the said final account of said administrator be, and the same is, settled, allowed, and affirmed."   This language gives the document the full character of a "decision and decree   *   *   *   allowing a final account," and such as that for which the statute provides an appeal.

The notice of appeal is as follows:   "To the Above-Named Claimants and Respondents, and Messrs. Curler & King, their Attorneys:   You will please take notice that the contestants and appellants in the above-entitled action hereby appeal to the Supreme Court of the State of Nevada from the order therein entered in said district court on or about November 17, 1903, allowing, settling and confirming the report and final account of said administrator, and authorizing and allowing the said administrator to pay the attorney of said estate for his services, as attorney for said estate, the sum of $3,765.47, and ordering said estate to be distributed in accordance with the petition of said administrator.   Dated December 8, 1903.   Cheney, Massey & Smith, Attorneys for Contestants and Appellants."

True, the notice of appeal states that the appeal is from the "order," not decision or decree, "entered   *   *   *   on or about November 17, 1903, allowing, settling, and confirm-

ing the report and final account of said administrator," etc. We think no one could have been misled by the notice of appeal having the word "order" instead of "decision and decree." The date of the document appealed from, to wit, 17th day of November, 1903, was referred to in the notice, and the amount of the fee appealed from, to wit, $1,000, was stated. There was no other order, decree, or decision filed on or about the time mentioned. The notice of appeal, though, indeed, not following the exact language of the statute, was, we think, sufficiently descriptive of the document and matter appealed from to meet the requirements of the statute.

The cases cited other than the California cases in support of the motion are not applicable to the facts of this case. Those cases go to the point that the settlement of an executor's or administrator's final account is binding on all until reversed on appeal. That is the object of this appeal, to wit, to reverse on appeal the settlement of an administrator's final account. The binding force of the settlement until repealed is admitted, and for that reason, no doubt, the appeal therefrom was taken.

On the second question presented for decision, to wit, the allowance of a counsel fee for the successful applicant in an administration contest for letters of administration, the courts of the various states of the United States are not harmonious; some holding such fees may be allowed, and others not.

Among the decisions holding such fees cannot be allowed, or implying that they cannot, may be cited *Estate of Simmons*, 43 Cal. 548; *In re McKinney*, 112 Cal., at page 453, 44 Pac. 743; *Arbila* v. *Burnett*, 33 Cal. 659; *Estate of Barton*, 55 Cal. 87; *Wilbur* v. *Wilbur*, 17 Wash, 683, 50 Pac. 589; *In re Estate of Soulard*, 141 Mo. 643, 43 S. W. 617; *Estate of Olaf Nicholson*, 1 Nev. 518; *Lucich* v. *Medin*, 3 Nev. 93, 93 Am. Dec. 376; and *Estate of Marco Millenovich*, 5 Nev. 161.

Many other cases might also be cited, but it is deemed unnecessary. The above-mentioned cases—some of them clearly, and some impliedly—say that a fee to an attorney for procuring letters of administration cannot be allowed. The reasoning of the cases does not give complete satisfac-

tion as to its conclusiveness, yet, in view of the fact that such has been the rule of this court for nearly forty years (since 1865), and also the further fact that in the briefs filed by counsel for respondents nothing whatever is urged against this view (indeed, the subject is not in any way mentioned therein), we must hold the law to be as this court has heretofore held it—that such a fee cannot be allowed.

In the statement on appeal settled and allowed by the trial judge in this case it is clearly stated that the attorney's fee allowed, to wit, $1,000, was for procuring letters of administration for William Bowman. This $1,000 must be disallowed, and stricken from the amount of the fee, to wit, $3,765.47, leaving the attorney's fee only the sum of $2,765.47.

For the reasons above stated, it is ordered and adjudged that the respondents' motion to dismiss the appeal herein be, and the same is hereby, denied, and that the attorney's fee of $1,000 for procuring letters of administration for William Bowman be, and the same is, disallowed, and stricken from the attorney's fee, thus leaving the attorney's fee $2,765.47; and the case is remanded to the district court, with directions to that court to modify its decision and decree as herein stated.

Belknap, C. J., and Talbot, J., concur.