[L. A. No. 4925.   Department One.—November 10, 1916.]

In the Matter of the Estate of FLORANCE A. STOUGH, Deceased.

APPEAL—ALTERNATIVE METHOD—SERVICE OF NOTICE AND UNDERTAKING NOT NECESSARY.—Under the alternative method of appeal provided by sections 941a, 941b, and 941c, of the Code of Civil Procedure, neither service of the notice of appeal nor an undertaking is necessary to the perfecting of an appeal.

ID.—STAY OF PROCEEDINGS ON APPEAL UNDER ALTERNATIVE METHOD.— The filing of a notice of appeal under the alternative method, in cases where a stay bond is not required by sections 942 to 945 of the Code of Civil Procedure, is operative to stay proceedings in the court below, to the same extent as the filing and service of notice, followed by the giving of the three hundred dollar undertaking, under the old method.

ID.—CONSTRUCTION OF SECTION 941c OF CODE OF CIVIL PROCEDURE.—The provision of section 941c of the Code of Civil Procedure importing into appeals taken under the new method the force and effect of appeals taken "pursuant to sections 939, 940 and 941" of that code, refers to appeals supported by the necessary undertaking. It is the force and effect of such appeals that is imported into appeals taken by the new method.

ID.—APPEAL FROM ORDER APPOINTING EXECUTOR.—An appeal under the alternative method from an order appointing an executor stays proceedings in the court below, and the executor has no authority, pending the appeal, to take any steps by virtue of his appointment. All steps so taken by him are void.

MOTION to stay proceedings pending an appeal from an order of the Superior Court of San Diego County appointing an executor.   W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Wheaton A. Gray, A. J. Casebeer, and J. H. McCorkle, for Appellant Oliver J. Stough.

Ward, Ward & Ward, for Appellant Southern Trust & Savings Bank.

Ralph E. Jenny, for Appellant Bank of Commerce & Trust Company.

Fredericks & Hanna, for Respondent.

SLOSS, J.—Motion to stay proceedings.

Florance A. Stough died testate in the county of San Diego. J. E. Fishburn, one of the persons named in the will as executor, filed a petition for the admission of the will to probate, and for the issuance to himself of letters testamentary.   Objections to the appointment of Fishburn were filed by Oliver J. Stough, who asked that letters of administration with the will annexed be issued to either Southern Trust and Savings Bank, or Bank of Commerce and Trust Company, and each of said corporations filed a petition asking that such letters be issued to it.

The court below made its order appointing Fishburn executor of the will, overruling the objections of Stough, and denying the petitions of the respective banks for appointment as administrator.   This order was made on the second day of August, 1916, and Oliver J. Stough and the two banks filed a notice of appeal therefrom on August 4, 1916.   Notwithstanding the taking of the appeal, the respondent J. E. Fishburn has proceeded with the administration of the estate under said order of appointment.   On September 5, 1916, his bond as executor was approved by the court; on September 19, 1916, he took and filed his oath as executor, and on September 21, 1916, letters testamentary were issued to him.   On September 28, 1916, he commenced an action, as executor, against Oliver J. Stough and others, seeking to quiet the title of the estate to certain real property.

The matter now before us is an application for a stay of proceedings restraining the court below from taking any further steps in the matter of the appointment of an executor, and restraining Fishburn from acting as such executor until the determination of the appeal.

The appeal in question was taken under the new and alternative method provided by sections 941a, 941b, and 941c of the Code of Civil Procedure, enacted in 1907. These sections authorize the taking of an appeal by the filing, with the clerk of the court, of a notice stating that "the person giving the same does thereby appeal to the supreme court or district court of appeal, as the case may be, from the judgment, order, or decree, or some specific part thereof." To an appeal taken under this method neither a service of the notice nor an undertaking is necessary. Under the law existing theretofore an appeal was "ineffectual for any purpose" unless within five days after service of notice of appeal an undertaking in the sum of three hundred dollars were filed, or a deposit of that amount made with the clerk, or such undertaking were waived. (Code Civ. Proc., secs. 940, 941.)

Sections 942 and 945 prescribe the various cases in which an undertaking must be given to stay execution of judgment. Section 949 provides that in cases not covered by the sections just referred to, "the perfecting of an appeal by giving the undertaking or making the deposit mentioned in section 941 stays proceedings in the court below upon the judgment or order appealed from."

An order appointing an executor or administrator is one of such character that its effect would have been stayed by the taking of an appeal and the filing of a three hundred dollar bond under sections 940 and 941 of the Code of Civil Procedure. (*In re Woods,* 94 Cal. 567, [29 Pac. 1108].) No stay bond would have been required. After the perfecting of the appeal and the filing of the three hundred dollar undertaking, the executor or administrator would have had no authority, during the pendency of the appeal, to take any steps by virtue of his appointment. (*In re Woods, supra.*)

The filing of a notice of appeal under the alternative method, in cases where a stay bond is not required by sections 942 to 945, is operative to the same extent as the filing and service of notice, followed by the giving of the three hundred dollar undertaking, under the old method. Section 941c

provides that appeals perfected pursuant to the provisions of the foregoing section (941b) "shall have the same force and effect as appeals taken pursuant to the provisions of sections 939, 940, and 941 of this code." It is argued by the respondents that the "taking" of an appeal, under the old method, was accomplished by the filing and service of a notice of appeal (sec. 940) and that the "perfecting" of the appeal, by the subsequent giving of an undertaking, is the act that works a stay of proceedings. Section 941c gives to appeals under the new method the force and effect of appeals *taken* under the old. This language, it is claimed, does not carry into the new appeals the effect of the undertaking which was given to "perfect" an appeal already "taken." But this, we think, is an unduly narrow interpretation of the later enactments, and one out of harmony with their true purpose. Section 941c imports into appeals taken under the preceding section (941b) the force and effect of appeals taken "pursuant to sections 939, 940, and 941 of this code." Under section 940, the appeal is not effectual without the undertaking. Section 941 deals with the undertaking (or a deposit in lieu of it) and with that subject alone. When, therefore, section 941c speaks of appeals taken pursuant to the provisions of sections 939, 940, and 941, it refers to appeals supported by the necessary undertaking. It is the "force and effect" of *such* appeals that is imported into appeals taken by the new method. The purpose of the provisions creating the alternative method was to simplify the procedure on appeal, and to do away with the difficulties and uncertainties that had frequently arisen over questions of the proper service of notice of appeal, and the sufficiency of the undertaking required by sections 940 and 941. Experience had shown that the three hundred dollar undertaking exacted of an appellant was of little or no real benefit to the respondent. The new method was designed to enable appellants to dispense with this undertaking altogether. It was never contemplated that an appeal perfected under the new method should be less effectual or operative for any purpose than the appeal for which it was an alternative.

The question just discussed has, on several occasions, come before the court in Bank, and the ruling has uniformly been the one here made. In each instance, however, the decision

CLXXIII Cal.—41

was made informally, from the bench, and we take this opportunity of expressing the views of the court in writing.

It follows that all of the proceedings had in the court below after the filing of the notice of appeal, and looking to the conferring of the powers of an executor upon Fishburn, and all steps taken by said Fishburn as executor, were without authority and void.

The motion for a stay of proceedings is granted, and the respondent Fishburn is restrained from doing any act as executor of the will of said decedent during the pendency of the appeal.

Shaw, J., and Lawlor, J., concurred.