(83 South. 185)

No. 23037.

Succession of MILLER.

(Nov. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. EXECUTORS AND ADMINISTRATORS ⬳111(2) —SUCCESSION; EXPENDITURES; ATTORNEY'S FEE FOR SERVICES NOT BENEFICIAL TO SUCCESSION.

Services of. an attorney for petitioner for administration on a succession whose petition was denied because a will was later admitted to probate were not for the benefit of the succession or the residuary legatee, and attorney's fee cannot be charged to the succession.

2. EXECUTORS AND ADMINISTRATORS ⬳20(12) —SUCCESSION; PETITION FOR APPOINTMENT; COSTS ON DISMISSAL.

A judgment rescinding order for publication of notice of petition for administration in effect dismissed the petition for administration, and required petitioner to pay costs, though it did not mention costs under Code of Practice, art. 157.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

In the matter of the Succession of Caroline Amelia Miller. From a judgment denying the claim of James B. Rosser, Jr., as a privileged creditor of the succession the claimant appeals. Affirmed.

W. O. Hart, of New Orleans, for appellant James B. Rosser, Jr.

Raymond Gauche, of New Orleans, for appellee.

O'NIELL, J. James B. Rosser, Jr., an attorney at law, appeals from a judgment rejecting his demand .and dismissing his rule upon the executor of the will of Caroline Amelia Miller to show cause why the executor should not file a final account of his administration and recognize appellant as a privileged creditor of the succession. Appellant claims a fee of $2,274.92, and $7.50 court costs alleged to have been paid by him.

Although it is said in the judgment appealed from that the exception of no cause of action, filed by defendant in rule, was maintained, it appears that the executor had filed an answer to the rule, which was tried upon its merits, and that the judge found, and assigned as a reason for the judgment he rendered, that the law and the evidence were against the plaintiff and in favor of the defendant in rule. The case must be considered, therefore, not merely on the pleadings, but also on the evidence adduced on trial of the rule.

Miss Caroline Amelia Miller died on the 30th of May, 1916, leaving an estate valued at $227,492, consisting of stocks and bonds and cash in bank. She left a nuncupative will by public act, in which she gave $10,000 to each of two asylums in New Orleans, gave the residue of her estate to Mrs. Frank Brinker, and appointed Mr. Brinker testamentary executor.

On the 8th of June, 1916, Mr. Rosser, as attorney for Mrs. Caroline Rein Bauman, one of the three heirs at law, presented a petition to the civil district court alleging that Miss Miller had died intestate, and praying to have an inventory made and to have Miss Brinker appointed administratrix. Thereupon, one of the judges of the court granted an order, ex parte, directing that notice of the filing of Miss Brinker's petition be published as required by law, and that an inventory be made by a notary public whom the judge designated.

On the next day, that is, on the 9th of June, 1916, Frank Brinker, testamentary executor, appeared in court, through his attorney, and, presenting the will, asked that it be admitted to probate, and that the order granted on Miss Bauman's petition be rescinded and her application dismissed. Thereupon, the judge issued an order, ex parte, admitting the will to probate, rescinding the order which he had granted on Miss Bauman's petition, and directing that an inventory be made by another notary public

whom the judge designated. The attorney for the testamentary executor then informed Mr. Rosser that, as the succession owed no debts and as there was therefore no necessity for the executor to administer the estate, he would have the legatees sent into possession unconditionally and without the benefit of inventory. Whereupon Mr. Rosser, as attorney for Miss Bauman, obtained a rule, ordering the executor to show cause why the property of the succession should not be judicially sequestered and held by the sheriff until further orders of the court. The rule was dismissed, Mr. Brinker qualified as executor, and had an inventory made; and thereafter the legatees were sent into possession unconditionally and without the benefit of inventory.

The proceedings conducted by Mr. Rosser, as attorney for Miss Bauman, in which she was invariably unsuccessful, incurred court costs to the amount of $540.41, which she was condemned to pay; and among the items of property of which the residuary legatee was sent into possession by the final judgment of the court is the claim of the succession against Miss Bauman for the $540.41 costs incurred by Miss Bauman and paid by the executor.

[1] Appellant's claim for a fee is founded upon his averment that the services which he rendered as attorney for Miss Bauman inured to the benefit of the succession, or of the residuary legatee. On the contrary, the record discloses that the services rendered by Mr. Rosser as attorney for Miss Bauman, after the testamentary executor presented the will for probate, caused delay, annoyance, and expense to the residuary legatee, and were without any compensating advantage whatever.

[2] The only evidence offered on the trial of appellant's rule was documentary evidence, consisting of (1) the executor's petition praying for probate of the will; (2) petition of the legatees for possession of the estate; (3) petition of the executor for a continuance of his administration; (4) a memorandum of decisions filed by the executor in defense of a contempt proceeding by rule instituted by Miss Bauman; (5) the executor's answer to the rule; (6) the judgment sending the residuary legatee into possession of the estate; and (7) an amended petition of the residuary legatee, praying for possession. There is no evidence that Mr. Rosser personally advanced or paid the $7.50 costs, or any cost of filing Miss Bauman's petition to be appointed administratrix. In any event, the judgment rescinding the order for publication of notice of Miss Bauman's petition, in effect, dismissed her petition and required her to pay the costs, even though the judgment may not have mentioned costs. Code of Practice, art. 157. It appears, too, that Miss Bauman and her attorney acquiesced in the judgment or order, admitting the will to probate, and in effect dismissing her petition to be appointed administratrix.

The judgment appealed from is affirmed, at appellant's cost.