In re PINGREE'S ESTATE.

PINGREE v. PINGREE et al.

No. 4853.   Decided July 30, 1929.   (279 P. 901.)

*N. J. Harris,* of Ogden, for appellant.

*Jose E. Evans,* of Ogden, for respondents.

EPHRAIM HANSON, J.

This is an appeal from an order of the district court of Weber county, Utah, probate division, granting letters of administration on the estate of Job Pingree, deceased, to the First Savings Bank of Ogden.

Job Pingree died intestate at Ogden, Utah, May 22, 1928. He left an estate of the value of $8,750 consisting principally

of cash on hand and money on deposit in bank. His heirs at law were the widow, appellant here, and nine living children, also thirty-nine grandchildren of the deceased who were children of deceased children of decedent.

Appellant, as the surviving wife of deceased, filed her petition praying for letters of administration of the estate of the deceased. On September 4, 1928, six of the living children of the deceased filed with the court objections to the appointment of the appellant and included therein an application for letters of administration of the estate to be issued to the Ogden State Bank. The objections urged by the contestants were that appellant is incompetent to perform the duties of administration because she has no knowledge of business; that she will assert personal claims to property that belongs to the estate; that there is hostility on her part toward the other heirs of decedent, and that there will be quarrels and friction between her and the other heirs; that her administration of the estate would obviously be not impartial. It was also urged by contestants that appellant's application was not filed within three months after the death of the decedent, and that, because of that, they are entitled to the right of administration, and they requested that letters issue to the Ogden State Bank.

On the hearing on the petition and objections, the court denied appellant's application, and also denied the request of contestants that the Ogden State Bank be appointed administrator. On his own motion the court directed that letters of administration issue to the First Savings Bank of Ogden. Respondents concede that appellant was entitled to the preferential right to be appointed administratrix under Comp. Laws Utah 1917, § 7596.

On this appeal no contention is made by respondents that appellant waived her preferential right to letters of administration by failing to file her petition within three months after the death of her husband. Respondents, however, contend that there are good and sufficient reasons why the court should appoint an administrator other than appellant.

The only reasons for so doing are set out in the findings of the probate court that "there is hostility on the part of Louise H. Pingree towards the other heirs and there will likely be quarrels and friction between her and the contestants and the other heirs * * * ; that her administration of said estate would not be impartial."

By her assignments of error appellant attacks the sufficiency of the foregoing finding as (1) not being the finding of a fact, but merely a statement of a conclusion; (2) that, should it be regarded as a statement of fact, it is not supported by the evidence, but is contrary to the weight thereof; (3) for failure to appoint appellant. The finding is a statement of both fact and conclusion. That there is hostility on the part of appellant toward the heirs, we think, is a statement of an ultimate fact. The rest of the finding is a mere conclusion and not a statement of fact.

In the record before us we find no evidence that under any fair and impartial consideration supports the finding that the appellant is hostile to the other heirs of the deceased, or that her administration would not be fair and impartial. The finding is based solely upon an alleged statement of appellant to the effect that she "didn't give a damn about the rest of the family and didn't care what they thought of her," said to have been made to Frank Pingree, one of the contestants, and Louis Pingree Cook, at the National Bank of Commerce in Ogden. The appellant had been appointed special administratrix of the estate. There was a safe at the home where she and the deceased had lived during his lifetime, and where she still lived. The safe was locked. Frank Pingree had the combination to the safe. She had been requested by her attorney to call at the National Bank of Commerce and secure the combination. For a statement of what occurred at the bank upon that occasion we here quote the following from the testimony of Louis Pingree Cook as the same appears in the bill of exceptions:

"* * * Mrs. Pingree called at the bank, where Mr. Pingree and I were standing. * * * She said she came to get the combination

to the safe. She requested us and asked us why we wouldn't give it to her. We told her it was for her benefit and the rest of the heirs, that it would be advisable for her not have it at the present time. And I had the combination at the time, and Mr. Pingree, as he said to her, to relieve me of everything, that he would ask for the combination back, which I gave to him, and he said he would hold it until further authorized to let them have it. And then she became very excited about it and said she didn't give a damn about the rest of the family, and didn't care what they thought of her. And at that she left."

Appellant had already, through her attorney, told Frank Pingree that she would have Job Pingree, eldest son of deceased, with her when she opened the safe. The statement above quoted, if made and made under the circumstances outlined by the witness Cook, does not justify the finding that there was hostility on her part toward the contestants and the other heirs of the deceased. Nor does it support the conclusion that her administration would not be fair and impartial. Not another word or circumstance is shown in the record where she has ever, during her married life with the deceased, exhibited any hostility toward the contestants or the other heirs.

It is certain that all of the heirs were not opposed to the appointment of appellant, for twelve of them filed a waiver and joined in a request for her appointment. The lower court found that she is a person competent to perform the duties of administration of the estate, and that there is no property belonging to the estate which she claims individually.

It is our view that the charge of hostility of appellant toward the contestants and other heirs is entitled to little or no consideration. The evidence in that particular does not support the conclusion that appellant would not fairly and impartially administer the affairs of the estate. In fact, it is conclusively shown by the record that the trial court considered that feature of the case as of but little, if any, importance. At the close of the argument, and in his summation of the case, he said:

"There is no doubt about the fact that the widow is first entitled under the law. The only question here, in my mind, now, is whether she filed a petition for letters in time to reserve her right as against any other person; so if other persons apply or request appointment of another administrator, whether, the time having run in which she could be appointed as a matter of right, the court would have any discretion to appoint a third party as administrator. I am inclined to think that the petition was filed, in my interpretation of the law, one day too late—one day after the expiration of the three months."

Upon that assumption the court, on its own motion, appointed the First Savings Bank of Ogden administrator.

As has been stated hereinbefore, respondents do not in this court make the contention that appellant waived her preferential right to letters of administration. From the remarks of the trial court, it would seem that that was the controlling question, as he viewed it, before him. The record before us, however, clearly shows that the appellant was within her statutory time in the filing of her petition.

The trial court having found that appellant is a competent person to be charged with the administration of the affairs of the estate, and inasmuch as her application was made within the prescribed time fixed by Comp. Laws Utah 1917, § 7598, she was entitled to letters of administration of the estate of the deceased as a matter of right, in the absence of a showing of some good and sufficient reason to the contrary. In re *Owen's Estate*, 30 Utah 351, 85 P. 277; In re *Slater's Estate*, 55 Utah 252, 184 P. 1017. It is conceded by respondent that the right to administer the estate is a valuable right. Appellant, more than any other single individual, is interested in the economical and expeditious administration of its affairs.

We are of the opinion that the trial court erred in not appointing appellant administratrix of the estate of the deceased. The order appointing the First Savings Bank of Ogden is therefore reversed, and the cause remanded to the district court of Weber county, with directions to that court

to revoke and recall the letters of administration issued to the First Savings Bank of Ogden and to issue letters to appellant; contestants to pay costs.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.