Louise H. Pingree, as administratrix of the estate of Job Pingree, deceased, prosecutes this appeal from a judgment wherein the probate division of the district court of Weber county, Utah, approved and allowed an account of the First Savings Bank of Ogden, former administrator of the estate of Job Pingree, deceased. The judgment appealed from directs that: "Louise H. Pingree, administratrix herein, forthwith pay to Joseph E. Evans, attorney, the sum of $260.00 as and for his fees in representing said First Savings Bank as such administrator, and that until paid said sum be a lien on all of the assets and property of said estate; and that said Louise H. Pingree, administratrix herein, forthwith pay to said First Savings Bank the sum of $11.90 to reimburse it for costs and expenses incurred by it as such administrator, and that said sum likewise be a lien on the assets and property of said estate until paid."
The facts out of which this controversy arose, so far as they are material to a determination of the question presented on this appeal, are as follows: Job Pingree, a resident of Weber county, Utah, died on May 22, 1928. He left surviving him as heirs his widow, Louise H. Pingree, the appellant herein, and a number of children and grandchildren. Soon after his death his widow, Louise H. Pingree, was appointed special administratrix of his estate, which consisted of personal property valued at about $9,500. Thereafter Mrs. Pingree applied for general letters of administration of the estate. Some of the children of the deceased filed objections to the appointment of Mrs. Pingree, and *Page 439 
petitioned the court to appoint the Ogden State Bank administrator of the estate. Upon notice given a hearing was had upon the petition of Mrs. Pingree and the objections thereto, and the cross-petition of some of the children praying for the appointment of the Ogden State Bank. The court refused to appoint either of the petitioners, but did appoint the First Savings Bank of Ogden, respondent herein, as administrator. The bank duly qualified as such administrator. Mrs. Pingree appealed to this court from the order appointing the First Savings Bank as administrator. Upon the appeal the order appointing the bank as administrator was revoked and the court below was directed to appoint Mrs. Pingree administratrix. In re Pingree's Estate,74 Utah 384, 279 P. 901. Soon after the remittitur was issued in that case the letters of the bank were revoked and Mrs. Pingree was appointed administratrix. In due time she qualified as such administratrix and assumed the duties of her office. While the case of In re Pingree's Estate, supra, was pending in this court, the First Savings Bank applied to the court below for an order directing Mrs. Pingree as special administratrix to render an account of her proceedings as such special administratrix and deliver to the bank as general administratrix the property belonging to the estate. Mrs. Pingree rendered an account, but contested the right of the bank to the possession of the property belonging to the estate. Upon a hearing had the court below found that the bank as general administrator was entitled to the possession of the property belonging to the estate and directed Mrs. Pingree as special administratrix to deliver the same to the bank. However, none of the property belonging to the estate was delivered to the bank, probably because, within a few days after the order directing the delivery of the property of the estate to the bank, this court rendered its decision in the case of In rePingree's Estate, supra.
Soon after Mrs. Pingree qualified as general administratrix of the estate the respondent bank rendered a report and *Page 440 
account of its administration of the estate during the time it served as administrator thereof. It prayed that it be allowed the following items of expense to be paid out of the estate of Job Pingree, deceased: For publishing notice to creditors, $6; for sheriff's fees in serving orders upon Mrs. Pingree as special administratrix of the estate to show cause why she should not deliver the property of the estate to the general administrator, $1.40; printing brief on appeal in the case of In re Pingree'sEstate, supra, $26.25; and costs incurred by and allowed Mrs. Pingree on appeal in the case of In re Pingree's Estate, supra, $50. It also prayed that the court fix and allow a reasonable attorney's fee to be paid its attorney for professional services rendered during the time it was acting as administrator, and also that its fees as administrator be fixed. Mrs. Pingree filed written objections to the account. She resisted the payment of each and all of the items in the account. A hearing was had upon the account and the objections thereto. The court made and entered the judgment appealed from. In her assignments of error, appellant attacks the allowance of each of the items, excepting the item of $6 for publishing notice to creditors. She also attacks that portion of the judgment which directs that she pay an attorney's fee to Joseph E. Evans, and also that portion of the judgment which provides that the various items allowed be a lien upon the property of the estate.
It is urged on behalf of the respondent that the assignments are insufficient and do not meet the requirements of rule 26 of this court, in that they do not point out wherein the evidence is insufficient to sustain the findings of fact. As we understand the assignments they are not bottomed upon the claim that the evidence is insufficient to support the findings, but upon the ground that, as a matter of law, the amounts allowed by the court below are not proper charges against the estate. Upon such theory the assignments are sufficient to invoke the jurisdiction of this court to review the judgment allowing the various items complained of. *Page 441 
The expenses of the contest had between Mrs. Pingree and the Ogden State Bank as to who should be appointed to administer the estate are not proper charges against the estate. That contest was of a private character in which the estate had no interest, except that some competent person be 1 appointed. The heirs who were not parties to that contest should not be made to suffer because of a litigation in which they could not hope to derive any benefit. An estate may not be charged with expenses incident to two or more persons litigating their relative rights to letters of administration.Dorris v. Miller, 105 Iowa 564, 75 N.W. 482; Succession ofMiller, 145 La. 903, 83 So. 185; In re Estate of Byrne,122 Cal. 260, 54 P. 957, 1015; Bowman v. Bowman, 27 Nev. 413,76 P. 634. Moreover, in the case of In re Pingree's Estate, supra, it was directed that "contestants pay costs."
Four of the heirs of Job Pingree, deceased, contested the appointment of Mrs. Pingree as administratrix. If the respondent be regarded as a contestant, there were five parties on appeal resisting the appointment of Mrs. Pingree. The judgment appealed from directs that the estate pay one-fifth of 2, 3 the costs of appeal, and one-fifth of a reasonable attorney's fee for prosecuting the appeal. The court below was in error in directing that the estate pay one-fifth or any part of the costs of appeal or of the attorney's fee incurred in prosecuting the appeal. The court below was also in error in directing that appellant pay an attorney's fee to Joseph E. Evans. He was not a party to the proceeding, and such fee as he may be entitled to receive should have been made payable to the respondent. Rolando v. District Court, 72 Utah 459,271 P. 225; Openshaw v. Openshaw (Utah) 12 P.2d 364. It is earnestly urged on behalf of appellant that the appointment of the respondent as administrator was void. No claim is made that there was a failure to give proper notice of the proceeding had at the time respondent was appointed administrator. Appellant bases the claim that the appointment was void solely upon *Page 442 
the ground that she and not the respondent was entitled to letters of administration. A similar claim was made in the case of In re Owen's Estate, 32 Utah 469, 91 P. 283, 285. The facts involved in that case are comparable to the facts involved in the instant case. It is there said:
"The appointment of respondent must therefore be treated as valid until it was revoked in a proceeding for that purpose. Such a proceeding was brought, and such a judgment was rendered by this court. But the respondent, who apparently acted in good faith, and who qualified and accepted the trust to which he was appointed, and who proceeded under his appointment to administer the estate, would be entitled to credit for reasonable disbursements, costs, and expenses, and for commissions earned in the proper discharge of that trust during the time of his appointment. Rice v. Tilton, 14 Wyo. 101, 82 P. 577. As bearing on the question, see, also, Atkinson v. Hasty,21 Neb. 663, 33 N.W. 206; Pick v. Strong, 26 Minn. 303,3 N.W. 697. This is also in harmony with the statute (section 4043 [now section 7874], which expressly provides that, when the judgment or order appointing an administrator is reversed on appeal for error and not for want of jurisdiction of the court, all lawful acts in administration performed by such administrator are as valid as if such judgment or order had been affirmed. We therefore are of the opinion that the respondent was entitled to an allowance of reasonable costs and expenses including attorney's fees."
The law announced in the case of In re Slater's Estate,55 Utah 252, 184 P. 1017, is to the same effect. While the court below was in error in appointing respondent as administrator, such appointment was not void.
Upon qualifying as administrator it became the duty of respondent to take possession of the property belonging to the estate. Section 7718, Comp. Laws Utah 1917. The surviving widow was not entitled to retain possession of the property other than the homestead and the property exempt from execution. Comp. Laws Utah 1917, § 7643. After respondent assumed the duties of its trust it demanded from appellant the possession of the property belonging to the estate. She refused to comply with the demand. Her refusal was not and could not successfully be based upon the claim that the property was exempt from execution. The *Page 443 
whole estate consisted of personal property. It was of a value in excess of $9,000. Appellant's contention is that by perfecting her appeal from the order appointing respondent administrator she was entitled to retain possession of the property belonging to the estate until that controversy was determined by this court. In support of her contention in such respect she cites sections 6997 and 7005, Comp. Laws Utah 1917; In re Estate of Stough,173 Cal. 638, 161 P. 1; In re Wood's Estate, 94 Cal. 566,29 P. 1108; and Smith v. Kimball, 76 Utah 350, 289 P. 588, 70 A.L.R. 101.
The record before us fails to disclose the nature of the bond which Mrs. Pingree gave when she prosecuted her appeal from the judgment appointing the respondent administrator. All that is disclosed by the record is the certificate of the clerk of the court wherein it is recited that, "I do hereby 4, 5 further certify that an undertaking on appeal in due form has properly been filed in said action." The undertaking mentioned by the clerk on that appeal is not made a part of the record on this appeal, and therefore we are not advised whether it was a cost bond, a supersedeas bond, or both. In the case ofSmith v. Kimball, supra, it affirmatively appears that a supersedeas bond had been given. The question involved in ReWoods' Estate, supra, was whether or not a stay of proceeding should be granted during the pendency of appeal. A similar question was involved in the case of In re Estate of Stough, supra. Neither of those cases supports appellant's position. Moreover, it appears in the record before us that the court below entered a judgment approving the account of Mrs. Pingree as special administratrix of the estate and directing that she as such administratrix deliver to the respondent all of the property belonging to the estate. So far as appears, no appeal has been taken from that judgment. It has apparently become final and binding not only upon the parties to that controversy, but also those in privity with them. Mrs. Pingree as general administratrix is in privity with Mrs. Pingree as special administratrix. The American Law *Page 444 
of Administration (3d Ed.) vol. 2, p. 1178. If, as appears, the judgment directing Mrs. Pingree as special administratrix to deliver the property of the estate to the First Savings Bank as general administrator has become final, then and in such case Mrs. Pingree as general administratrix may not be heard to say in the instant case that she as special administratrix was entitled to retain the possession of the property belonging to the estate pending the appeal in the former case. The duty of Mrs. Pingree as special administratrix was to preserve the property until a general administrator was appointed. Upon such appointment it became her duty, in the absence of an order of court to the contrary, to render an account and deliver the property of the estate which had come into her possession to the general administrator. Section 7606, Comp. Laws Utah 1917; Church's Probate Law and Practice (2d Ed.) vol. 1, § 325, p. 694; Bancroft's Probate Practice, vol. 1, § 329, p. 627; Woerner, The American Law of Administration (3d Ed.) vol. 2, § 354, p. 1178. It was thus, in the absence of a supersedeas bond or an order staying proceeding pending the appeal of Mrs. Pingree in the former case, the duty of the respondent to take possession of the property belonging to the estate, and it was likewise the duty of Mrs. Pingree to deliver possession of such property to the respondent.
Upon this record, the expenses incurred, including a reasonable attorney's fee for services rendered in proceedings had to secure possession of the property belonging to the estate, by respondent against Mrs. Pingree as special administratrix are proper charges against the estate. 6 Those charges, however, should not be made a lien on the property of the estate but should be paid when there are funds in the estate with which to pay the same. The record in this case is very meager as to what is a proper attorney's fee, if any, to be allowed the respondent for the services rendered by its attorney in an attempt to secure possession of the property belonging to the estate. The record is silent as to the time consumed in that litigation. *Page 445 
We shall therefore not attempt to fix the amount, if any, that should be allowed for that purpose.
The judgment is reversed. This cause is remanded to the probate division of the district court of Weber county, Utah, for such further proceedings not inconsistent with the views herein expressed as may be proper; each party to pay one-half of the costs on this appeal.
STRAUP, C.J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.