439 P.2d 459

John Elwood DENNETT, Plaintiff and Respondent,

v.

FIRST SECURITY BANK, N.A., Administrator, etc., et al., Defendants and Appellants.

No. 10912.

Supreme Court of Utah.

April 5, 1968.

L. Ridd Larson, of Ray, Quinney & Nebeker, Salt Lake City, for appellants.

John Elwood Dennett, pro se.

ELLETT, Justice.

Jacob R. Green I died in Iowa, leaving several wills, one of which was admitted to probate in the Iowa court without any notice being given to the heirs at law of the deceased. All of the wills disinherited the testator's children. The will admitted to probate by the Iowa court left the estate to a charitable hospital, although under Iowa law a testator cannot will more than 25% of his estate to charity (admitted by the parties hereto to be the law).

One of the sons of the decedent, Jacob R. Green II, talked to the plaintiff and was informed by plaintiff that it would be very difficult to break the wills, but since there were assets belonging to the deceased in Iowa amounting to approximately $13,000 and in Utah amounting to some $20,000, it would be worth a gamble. No fee was agreed upon, but it was understood that the heirs would pay nothing if the wills were not broken.

A petition for probate of the estate in Utah was initiated by plaintiff as attorney for Jacob R. Green II. The administrator with the will annexed in Iowa filed a protest but failed to appear at the hearing. It appearing to the Utah court that the deceased had been under guardianship for many years and was incompetent to make a will, letters of administration were issued to Jacob R. Green II, who duly qualified as administrator of the estate. Later he resigned, and the First Security Bank of Utah, N. A., was substituted as administrator in Utah.

The last administrator hired counsel in Iowa, and a settlement between the heirs and the legatee was effected, and some $6,000 or $7,000 was paid directly to the heirs by the Iowa administrator pursuant to order of the Iowa court.

The estate in Utah was finally brought to a condition where it could be closed except for the fact that the plaintiff and the present administrator could not agree upon the fee to be paid to plaintiff for services rendered in the probating of the estate.

The administrator requested the court to fix the fee, and the plaintiff filed his own petition in the probate matter. He testified at the hearing on the final account and called witnesses in his own behalf. The court allowed a substantial fee, to wit $970 as the regular fee and an additional $985 for extraordinary services. The plaintiff was dissatisfied and appealed to this court. We held that he had no standing to appeal, as the only thing before the court was what amount should be allowed the administrator in its final account by way of attorney fees.

The plaintiff then brought this action against the present and original administrators in their official capacities for extraordinary services rendered in having the Utah court declare Jacob R. Green I to be incompetent to make a will. The defendants moved to dismiss plaintiff's complaint, and the court denied the motion, whereupon the defendants prosecute this intermediate appeal.

It is to be noted that the only agreement Mr. Dennett claims to have had is with Jacob R. Green II at a time prior to the filing of a petition for probate of the estate. He claims to be entitled to 25% of all the assets of the estate in both Iowa and Utah, or in the alternative one third of the Utah assets. Whatever may be his rights against the heirs of Jacob R. Green I, it is clear that he has no rights against this estate because of having the Utah court determine that the deceased was incompetent to make a will.

In the first place, his contract, if any he had, was with an heir who was not at the time the administrator of the estate and, therefore, there could be no contract binding upon the estate. The assets of an estate belong first to creditors with the remainder to heirs or legatees and devisees. If an heir could make a contract to bind the estate, he might be able to defeat the just claims of creditors.

In the second place, the plaintiff herein brought nothing into the estate. The dispute was between a charitable organization claiming under a will and some heirs at law claiming under the statute. The estate would not prosper by any amount of litigation over such matters.

Banc.Prob.Prac.2d § 434 states the applicable law as follows:

> While an executor or administrator is ordinarily warranted in employing counsel to assist him in his duties, and the rea-

sonable amount of attorney's fees for such services is one of the expenses of administration, any contract of the executor or administrator as to the amount of compensation for such services is no more binding upon the estate or upon the probate court than a like contract employing a watchman or a stenographer. For that matter, the fees of an attorney employed by an executor or administrator are not paid out of an estate by virtue of a contract of employment, but rather because the executor or administrator is entitled to reimbursement for such fees necessarily incurred in the administration of his trust or in litigation for the benefit of the estate.

The executor or administrator clearly has no power to make a contract with an attorney binding the estate for the transfer or conveyance of an interest in any of the assets or for the payment of a contingent fee out of the assets. * * *

The general rule is also stated in the annotation at 79 A.L.R. 522 as follows:

The general rule is that no allowance may be made out of the estate of a deceased person for the services of an attorney not employed by the personal representative of the estate, where the services were rendered for the sole benefit of an individual or group of individuals interested in the estate.

Our own court held in the case of In re Pingree's Estate, 82 Utah 437, 25 P.2d 937, 90 A.L.R. 96, that expenses of litigation incident to contests over letters of administration cannot be charged to the estate.

There is a split in the authorities regarding the charging of attorney fees in a will contest, as set out in the annotation in 10 A.L.R. 805, 69 A.L.R. 1052, and 142 A.L.R. 1459.

We think the better rule is that no such fee should be charged against the estate when a will is declared invalid at the instance of heirs unless the trial court in a proper case and under rules of Equity otherwise orders.

The plaintiff has no further claim against the estate for extraordinary services which he says he rendered, and the lower court was in error in not dismissing his complaint.

The holding of the lower court is reversed. No costs awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.